# United States Court of Appeals for the Federal Circuit

04-3197

VINCENT CURTIS CONYERS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Vincent Curtis Conyers, of Uniondale, New York, pro se.

Raymond W. Angelo, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were Martha B. Schneider, General Counsel, and Stephanie M. Conley, Reviewing Attorney.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

04-3197

VINCENT CURTIS CONYERS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

―――――――――――――

DECIDED:  November 9, 2004

―――――――――――――

Before MAYER, Chief Judge, SCHALL, and PROST, Circuit Judges.

SCHALL, Circuit Judge.

Vincent Curtis Conyers petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed, for lack of jurisdiction, his appeal of his non-selection for a position with the Transportation Security Administration ("TSA" or "agency"), a component of the Department of Homeland Security.  Conyers v. Dep't of Transp., No. NY-3443-03-0034-I-1 (MSPB Mar. 15, 2004).[1]  We affirm.

―――――――――――――――――

[1]  Pursuant to the Department of Homeland Security Reorganization Plan (Nov. 25, 2002), as required by Section 1502 of the Department of Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002), TSA was transferred from the Department of Transportation to the Department of Homeland Security, effective March 1, 2003.

BACKGROUND

I.

Mr. Conyers applied for the position of Supervisory Transportation Security Screener within TSA. The vacancy announcement for the position stated that, as a prerequisite for consideration, applicants were required to successfully complete an assessment. The assessment included an evaluation of the applicant's mental and physical abilities, interpersonal skills, and medical fitness. In July 2002, Mr. Conyers was assessed for the supervisory screener position. He subsequently was informed that he had failed the assessment and that, consequently, TSA would no longer consider his application.

II.

On October 21, 2002, Mr. Conyers filed an appeal with the Board, challenging the agency's decision not to select him for the screener position. In an initial decision, the administrative judge ("AJ") to whom the case was assigned dismissed the appeal for lack of jurisdiction. Conyers v. Dep't of Transp., No. NY-3443-03-0034-I-1 (Feb. 14, 2003). The AJ noted that section 111(d) of the Aviation and Transportation Security Act ("ATSA"), 49 U.S.C. § 44935 note, grants TSA power to appoint applicants to screener positions "notwithstanding any other provision of law." The AJ determined that this statutory language precluded the Board from asserting jurisdiction over Mr. Conyers' appeal. The AJ's initial decision became the final decision of the Board on March 15, 2004, after the Board denied Mr. Conyers' petition for review for failure to meet the criteria set forth at 5 C.F.R. § 1201.115(d) (2002). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2004).

ANALYSIS

I.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2004); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). The Board's dismissal of an appeal for lack of jurisdiction presents an issue of law that we review without deference. Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998).

II.

The Board has jurisdiction over only those matters that are entrusted to it by statute or regulation. 5 U.S.C. § 7701(a); Meeker v. Merit Sys. Prot. Bd., 319 F.3d 1368, 1374 (Fed. Cir. 2003). Mr. Conyers contends that the Board had jurisdiction over his appeal because he was challenging his non-selection by TSA under 5 C.F.R. § 731.501 (2002) (relating to unsuitability determinations), id. § 300.104 (relating to alleged improper employment practices), 38 U.S.C. § 4324 (2002) (The Uniformed Service Employment and Reemployment Act of 1994), 5 U.S.C. § 2302(b) (2002) (The Whistleblower Protection Act), id. § 3330a (The Veterans' Employment Opportunities Act of 1998), and id. § 1203 (relating to review of agency regulations).

We see no error in the Board's dismissal of Mr. Conyers' appeal for lack of jurisdiction. With certain exceptions specified by the Under Secretary of Transportation, TSA is subject to the personnel management system established by the Federal

Aviation Administration ("FAA"). See 49 U.S.C. § 114(n) (2002). Thus, the FAA's personnel management system applies certain personnel provisions of Title 5 specifically enumerated in 49 U.S.C. § 40122(g) (2002). The Title 5 provisions enumerated in section 40122(g) include, among others, 5 U.S.C. § 2302(b), relating to whistleblower protection, id. §§ 3308-3320, relating to veterans' preferences, id. § 7204, relating to antidiscrimination, id. § 73, relating to suitability, security, and conduct, and id. §§ 1204, 1211-1218, 1221, 7701-7703, relating to the Board.

While these provisions generally apply to TSA, section 111(d) of the ATSA, codified as a note to 49 U.S.C. § 44935,[2] includes a specific provision regarding TSA security screeners:

> Notwithstanding any other provision of law, the Under Secretary of Transportation for Security may employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment of Federal service for such a number of individuals as the Under Secretary determines to be necessary to carry out the screening functions of the Under Secretary under section 44901 of title 49, United States Code. The Under Secretary shall establish levels of compensation and other benefits for individuals so employed.

We agree with the Board that this provision confers upon the Under Secretary greater flexibility regarding screener positions than he or she may have with respect to other classes of employees. The language "[n]otwithstanding any other provision of law" signals that this screener-specific provision is to override more general conflicting statutory provisions to the extent that they would apply to screeners. See Cisneros v.

---

[2] Contrary to Mr. Conyers' suggestion, the fact that this provision was codified as a statutory note is of no moment. The Statutes at Large provide the evidence of the laws of the United States. 1 U.S.C. § 112 (2004). See United States v. Welden, 377 U.S. 95, 98 n.4 (1964) (noting that a provision of an Act must be read "in the context of the entire Act, rather than in the context of the 'arrangement' selected by the codifier").

<u>Alpine Ridge Group</u>, 508 U.S. 10, 18 (1993) (explaining that use of a "notwithstanding" clause "clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section").  We think that the "[n]otwithstanding <u>any other provision of law</u>" language renders inapplicable general federal statutes that otherwise would apply to the Under Secretary's power to "employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment of Federal service" for screener positions.  <u>See</u> 49 U.S.C. § 44935 note (emphasis added); <u>Liberty Mar. Corp. v. United States</u>, 928 F.2d 413, 416 (D.C. Cir. 1991) (interpreting same "notwithstanding" language to supersede all other laws, finding that a clearer statement of intent to supersede is "difficult to imagine").  Among the statutory provisions thus rendered inapplicable is section 7701(a) of Title 5, which states that "[a]n employee, or applicant for employment, may submit an appeal to the [Board] from any action which is appealable to the Board under any law, rule, or regulation."

The cases cited by Mr. Conyers that interpret "notwithstanding" clauses in other contexts are not inconsistent with our present interpretation of section 111(d) of the ATSA.  Generally in the cases cited by Mr. Conyers, courts were required to determine the extent to which such clauses pre-empted state law, a question that often may turn on congressional intent.  <u>See, e.g.</u>, <u>E.P. Paup Co. v. Dep't of Labor</u>, 999 F.2d 1341, 1348-49 (9th Cir. 1993) (explaining that a "notwithstanding" clause "does not always provide a clear indication that Congress intended to preempt, particularly when there is legislative intent to the contrary").  In this case, however, our acceptance of the plain meaning of the "notwithstanding" clause in section 111(d) of the ATSA fully comports with congressional intent to give the Under Secretary of Transportation for Security

greater flexibility over screener positions vis-à-vis federal laws than he or she has in the case of non-screener positions at TSA. <u>See</u> H.R. Conf. Rep. No. 107-296, at 64 (2001), <u>reprinted in</u> 2002 U.S.C.C.A.N. 589, 600 ("[I]n order to ensure that Federal screeners are able to provide the best security possible, the Secretary must be given wide latitude to determine the terms of employment of screeners.").

## CONCLUSION

Section 111(d) of the ATSA exempts TSA from laws that otherwise would apply to screener positions. As a consequence, the Board is divested of jurisdiction to hear appeals alleging violations of such laws insofar as TSA screener positions are concerned. That is the case here with respect to the position for which Mr. Conyers applied. Accordingly, the final decision of the Board dismissing Mr. Conyers' appeal for lack of jurisdiction is affirmed.

## <u>AFFIRMED</u>