NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3333

CHRISTOPHER P. TEACHER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Christopher P. Teacher, of Morgan Hill, California, pro se.

Michael Carney, General Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Acting General Counsel, and Joyce G. Friedman, Acting Associate General Counsel.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-3333

CHRISTOPHER P. TEACHER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: January 10, 2007

_____

Before LOURIE, LINN, and MOORE, Circuit Judges.

PER CURIAM.

## DECISION

Christopher P. Teacher ("Teacher") appeals from the final decision of the Merit Systems Protection Board (the "Board") dismissing his appeal for lack of jurisdiction. Teacher v. Dep't of Homeland Sec., SF-3443-06-0278-I-1 (M.S.P.B. June 14, 2006). We affirm.

## BACKGROUND

On October 17, 2004, the Department of Homeland Security appointed Teacher to the position of transportation security screener in the Transportation Security Administration ("TSA") pursuant to the Air Transportation and Security Act ("ATSA"). Teacher was removed from his position on March 7, 2005, during the applicable two-

year trial period, for making sexually explicit comments while on official duty.  Teacher v. Dep't of Homeland Sec., SF-3443-06-0278-I-1, at 2 (M.S.P.B. Mar. 9, 2006) ("Initial Decision").

Teacher appealed his removal to the Board on January 20, 2006, asserting that his removal was improperly based on his membership in the Air Force Reserves.  In an acknowledgement order dated January 24, 2006, the Board noted that although it exercises jurisdiction over appeals involving alleged discrimination in federal employment based on military service under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), it may lack jurisdiction over appeals concerning personnel actions involving TSA screeners.  The Board ordered Teacher to submit evidence and argument to prove that Board jurisdiction over his removal was proper.  In a "motion for jurisdiction," Teacher responded that nothing in the ATSA superseded the jurisdiction-granting provisions of USERRA.

On March 9, 2004, the Administrative Judge ("AJ") issued an initial decision concluding that the Board lacked jurisdiction over the appeal in light of this court's decision in Conyers v. Merit Systems Protection Board, 388 F.3d 1380  (Fed. Cir. 2004).  The AJ noted that, as held in Conyers, the "ATSA divested the Board of jurisdiction to hear appeals from TSA screeners alleging violations of laws that would otherwise apply to screeners, including USERRA."  Initial Decision at 3.

Teacher appealed the AJ's decision to the full Board, which denied his petition for review, thereby rendering the AJ's decision final.  See 5 C.F.R. § 1201.115(d) (2006).  Teacher timely appealed to this court.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

06-3333                          -2-

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). We review without deference the Board's legal conclusion on a question of jurisdiction. Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998).

Teacher's sole argument on appeal is that Conyers offers an "erroneous interpretation" of section 111(d) of the ATSA. According to Teacher, the interpretation is "erroneous" in light of the legislative history of the statute. In particular, Teacher points to the following clause contained in the House Conference Report: "in order to ensure that Federal screeners are able to provide the best security possible . . . ." Pet. Br. at 1 (quoting H.R. Rep. No. 107-296, at 64 (2001) (Conf. Rep.)). Teacher asserts that that clause demonstrates that Congress intended to give the Board jurisdiction over appeals by TSA screeners. Teacher contends that doing so "ensure[s] the best security possible, as screener[s] would have more job protection, which would alleviate thoughts of job security." Id. In response, the government argues that there is no indication in the language of the congressional report supporting Teacher's contention that the Board retains jurisdiction over appeals involving TSA screeners.

We agree with the government that the Board correctly dismissed Teacher's appeal for lack of jurisdiction, particularly in light of our decision in Conyers. In that

case, we interpreted section 111(d) of the ATSA. That section, codified as a note to 49 U.S.C. § 44935, provides that:

> Notwithstanding any other provision of law, the Under Secretary of Transportation for Security may employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment of Federal service for such a number of individuals as the Under Secretary determines to be necessary to carry out the screening functions of the Under Secretary under section 44901 of title 49, United States Code. The Under Secretary shall establish levels of compensation and other benefits for individuals so employed.

49 U.S.C § 44935 note (emphasis added). We determined that section 111(d) "confers upon the Under Secretary greater flexibility regarding screener positions than he or she may have with respect to other classes of employees." Id. at 1382. We noted that the "notwithstanding" language signaled "that this screener-specific provision is to override more general conflicting statutory provisions to the extent that they would apply to screeners." Id. Moreover, we concluded that the legislative history supported such a construction, particularly in light of a statement in the House report explaining that "in order to ensure that Federal screeners are able to provide the best security possible, the Secretary must be given wide latitude to determine the terms of employments of screeners." Id. at 1383 (citing H.R. No. 107-296, at 64 (2001) (Conf. Rep.)). Based on that reasoning, we held that the Board was "divested of jurisdiction to hear appeals alleging violations of such laws insofar as TSA screener positions are concerned." Id.

Teacher's argument that the Board retains jurisdiction over this appeal is thus unpersuasive and contrary to the Conyers holding. His argument that Conyers was incorrectly decided must fail, as, even if we agreed with his argument, and we do not, we are bound by a prior decision on the same point of law. Sacco v. Dep't of Justice, 317 F.3d 1384, 1386 (Fed. Cir. 2003). Accordingly, the Board correctly concluded that

it lacks jurisdiction over Teacher's appeal because it falls within the screener-specific provision of section 111(d) of the ATSA. The Board's decision is therefore <u>affirmed</u>.