NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3193

CHRISTINE M. WONSOCK,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

OFFICE OF PERSONNEL MANAGEMENT,

Intervenor.

Christine M. Wonsock, of Vero Beach, Florida, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Stephanie M. Conley, Acting Assistant General Counsel.

J. Reid Prouty, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor.  With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3193

CHRISTINE M. WONSOCK,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

OFFICE OF PERSONNEL MANAGEMENT,

Intervenor.

Petition for review of the Merit Systems Protection Board in
AT0831070802-I-1.

_____

DECIDED: October 10, 2008

_____

Before NEWMAN, MAYER, and LOURIE, Circuit Judges.

PER CURIAM.

### DECISION

Christine Wonsock appeals from the final decision of the Merit Systems
Protection Board ("Board") vacating the Board's initial decision and dismissing
Wonsock's appeal for lack of jurisdiction. Wonsock v. Office of Pers. Mgmt., AT-0831-
07-0802-I-1 (M.S.P.B. Feb. 20, 2008). Because the Board did not abuse its discretion
or otherwise commit legal error in its decision, we affirm.

BACKGROUND

On July 1, 1982, Wonsock, who at that time was employed as a patrol officer for the U.S. Capitol Police, cancelled her enrollment in the Federal Employees Health Benefits Program ("FEHBP"). At some point after retiring from her job in 1998, Wonsock sought to enroll in FEHBP as a retiree. In a letter dated April 7, 2005, the Office of Personnel Management ("OPM") denied Wonsock's request because she did not meet the statutory requirements for reenrollment, nor was she eligible for a waiver of those requirements. The letter informed Wonsock that she had thirty days in which to appeal OPM's decision. She did not do so for nearly two years.

On March 16, 2007, Wonsock appealed OPM's denial to the Board. In her appeal, she claimed that her delay in filing an appeal was due to the fact that she had been "more or less forced" to opt out of FEHBP by her husband and that she had found her paperwork only after being subjected to "one of the Florida hurricanes." The administrative judge assigned to the case found that the Board had jurisdiction over the appeal pursuant to 5 U.S.C. § 8347(d) and 5 C.F.R. § 831.110. Wonsock v. Office of Pers. Mgmt., AT-0831-07-0802-I-1 (M.S.P.B. Oct. 22, 2007). The AJ then affirmed OPM's denial of Wonsock's appeal, finding that OPM's decision was not unreasonable or an abuse of its discretion. Id. Wonsock timely appealed the AJ's decision.

While Wonsock's appeal to the Board was pending, OPM filed a cross-petition, arguing for the first time that the Board lacked jurisdiction to hear the appeal. Wonsock did not file a response to OPM's cross-petition. On February 20, 2008, the Board vacated the initial decision of the AJ, granted OPM's cross-petition, and dismissed Wonsock's appeal for lack of jurisdiction. The Board found that OPM's decision not to

2008-3193

-2-

grant Wonsock a waiver was unreviewable by the Board pursuant to 5 U.S.C. § 8905(b) and 5 C.F.R. § 890.306(a)(1).

Wonsock timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law that we review de novo. Conyers v. Merit Sys. Prot. Bd., 388 F.3d 1380, 1381 (Fed. Cir. 2004) (citing Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998)). The Board's jurisdiction is limited to actions specifically made appealable by law, rule, or regulation. 5 U.S.C. § 7701(a); see Todd v. Merit Sys. Prot. Bd., 55 F.3d 1574, 1576 (Fed. Cir. 1995). Wonsock, as the appellant, must show by a preponderance of evidence that the Board had jurisdiction over her claim. 5 C.F.R. § 1201.56(a)(2)(i).

On appeal Wonsock resumes her claim that she was injured on duty as a police officer and that her injury led to her retirement. She again requests to be allowed to enroll in FEHBP. She does not address the jurisdictional issues underlying the Board's decision.

In response, the government contends that whether or not Wonsock was injured on duty is irrelevant because OPM's decision not to waive the statutory requirements for FEHBP eligibility is unreviewable by the Board. The government urges this court to uphold the Board's decision finding lack of jurisdiction over Wonsock's case. It is undisputed that Wonsock was not statutorily eligible for FEHBP and, according to the government, OPM's decision not to waive the statutory requirements in Wonsock's case

is unreviewable by the Board.  In support of its argument that OPM's waiver determination is not reviewable by the Board, the government points to 5 U.S.C. § 8905(b) and 5 C.F.R. § 890.306(a)(1).  Thus, the government argues, the Board lacks jurisdiction to review OPM's reconsideration decision dismissing Wonsock's appeal as untimely.

We agree with the government.  Although the Board's decision might preferably be affirmed on the ground that Wonsock's appeal was untimely, we affirm on the ground that the Board ultimately adopted.  Wonsock has not argued that the Board's analysis was incorrect.  Title 5 of the Code of Federal Regulations details the eligibility requirements for FEHBP benefits.  5 C.F.R. § 890.306 is entitled, "When can annuitants . . . reenroll."  That section lists three situations in which an annuitant can reenroll in FEHBP: "having been covered by a plan under this part for the 5 years of service immediately before retirement," or having been covered "for all service since his or her first opportunity to enroll," or if "OPM waives the requirement under § 890.108."  5 C.F.R. § 890.306(a)(1) (2008); see also 5 U.S.C. § 8905(b) (2004).  Wonsock does not contend that she was covered for the 5 years immediately preceding her retirement in 1998, nor that she was covered during her entire period of eligibility.  Thus, she relies only on the third manner of reenrollment, namely, OPM waiving the eligibility requirements pursuant to § 890.108.

5 C.F.R. § 890.108(a) details the process by which OPM can waive an annuitant's FEHBP eligibility requirements:

> . . . OPM may waive the eligibility requirements for health benefits coverage as an annuitant for an individual when, in its sole discretion, it determines that due to exceptional circumstances it would be against equity and good conscience not to allow a person to be enrolled in the FEHB Program as an annuitant.

2008-3193

-4-

5 C.F.R. § 890.108(a) (emphasis added).

The Board has consistently held that the phrase "in its sole discretion" in § 890.108(a) places OPM waiver determinations beyond the Board's jurisdiction. See, e.g., Lee v. Office of Pers. Mgmt., 32 M.S.P.R. 149 (Jan. 20, 1987). In this case the Board was compelled by its own precedent to dismiss Wonsock's appeal, absent a preponderance of evidence demonstrating that the Board did indeed possess jurisdiction. Wonsock has not disputed this long-standing precedent, nor otherwise attempted to convince this court that the Board was incorrect in finding that it lacked jurisdiction. Therefore, Wonsock has not demonstrated that the Board abused its discretion or otherwise committed legal error. Because the Board lacks jurisdiction to review OPM's decision in this case, we need not and cannot address the untimeliness of Wonsock's appeal, or the merits of her case. Accordingly, we affirm the Board's decision.

## COSTS

No costs.