NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3184

FANNIE PLENTY,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.


Thomas Malee, Attorney at Law, of Billings, Montana, for petitioner.

Scott D. Austin, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3184

FANNIE PLENTY,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

Petition for review of the Merit Systems Protection Board in DE-0752-08-0324-I-2.

_____

DECIDED:  March 29, 2010

_____

Before BRYSON, GAJARSA, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Fannie Plenty petitions for review of the final decision of the Merit Systems Protection Board ("Board"), which affirmed her removal from the Department of the Interior.  <u>Plenty v. Dep't of the Interior</u>, No. DE-0752-08-0324-I-2, 2009 MSPB LEXIS 1488 (M.S.P.B. Mar. 13, 2009), <u>review denied</u>, 110 M.S.P.R. 662 (2009).  Because the Board's findings are supported by substantial evidence, its decision is not legally erroneous and it is not arbitrary or capricious, we <u>affirm</u>.

BACKGROUND

In 1989, Ms. Plenty began working at the Bureau of Indian Affairs ("Agency"), a division of the Department of the Interior. She worked in the Land Title and Records Office ("Office"), which secures, processes, and maintains records on interests in real property held in trust by the United States for individual Native Americans and tribes. Ms. Plenty was removed from her position as a legal instruments examiner on April 7, 2008.

The evidence indicates that, on December 13, 2007, Ms. Plenty, herself a Native American, requested that Mamie Charette, an Office cartography technician, print out Ms. Plenty's mother's land holding reports and associated maps. Ms. Charette provided Ms. Plenty with five bound booklets pertaining to her mother's trust property, including an Individual/Tribal Report ("ITI") and Title Status Reports ("TSRs"). Ms. Charette testified that her work in response to Ms. Plenty's request was performed on two separate days. She estimated that it took her approximately six hours to complete the work.

Ms. Plenty admitted that she was aware of the Office's policy on conflicts of interest, which prohibited its employees from performing work on relatives' estates. In addition, as a "probable heir," Ms. Plenty was required to make a request to the Agency office having administrative jurisdiction over the Indian land and was not entitled to receive the TSRs that she obtained from Ms. Charette. A TSR contains information on all fractional owners and their interests, and its dissemination is more restricted than an ITI.

Ms. Plenty testified that she had Ms. Charette print her mother's reports so that she and her sisters could use the information to reach agreements on how to divide her mother's estate, but contended that she did so as a way to train Ms. Charette and she did not ask for TSRs.

After her supervisor learned of Ms. Plenty's actions, Ms. Plenty was issued a Notice of Proposed Removal based on charges of improper use of government records and improper use of official time. Mr. Darry LaCounte, the deciding official, issued Ms. Plenty a removal decision letter, sustaining the charges and removing her from the Agency.

Ms. Plenty appealed her removal to the Board. The administrative judge sustained both charges and affirmed the Agency's decision to remove Ms. Plenty from her position. The full Board denied Ms. Plenty's petition for review; thus, the initial decision became final. Ms. Plenty timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review of the Board's decision is limited. We may set aside the Board's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2006); see Conyers v. Merit Sys. Prot. Bd., 388 F.3d 1380, 1381 (Fed. Cir. 2004).

Ms. Plenty argues that the Board erred in sustaining Charge One of the Notice of Proposed Removal because the label of this charge was "Improper Use of Government

Records," and the supporting narrative did not allege that Ms. Plenty ever made use of the records provided to her by Ms. Charette. Instead, the narrative set forth that Ms. Plenty improperly requested and obtained the records for other than official purposes.

We agree with Ms. Plenty that the Agency erred in conflating the charges of misuse of government records and improper acquisition of those records. Nevertheless, we construe Charge One of the Notice of Proposed Removal as charging Ms. Plenty with both misconducts. See Allen v. U.S. Postal Serv., 466 F.3d 1065, 1070-71 (Fed. Cir. 2006) (interpreting a Notice of Proposed Removal as charging petitioner with two separate charges, even though the heading of the notice only indicated a single charge). Ms. Plenty understood the Agency's primary concern was her improper acquisition of the government records and she responded to this charge. Pet'r's Br. at 7-12.

Ms. Plenty contends that the administrative judge erred in finding that the testimony of Ms. Charette was more credible than hers. As we have frequently stated, however, the credibility determinations of an administrative judge are "virtually unreviewable on appeal." Bieber v. Dep't of the Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002). The administrative judge explained his credibility determination by noting that (1) much of Ms. Plenty's testimony was in response to leading questions on direct examination from her counsel; (2) Ms. Plenty provided testimony that was inconsistent with Ms. Charette's; (3) there was no evidence that Ms. Charette was biased against Ms. Plenty; and (4) Ms. Charette's version of the facts was not inherently improbable. The administrative judge specifically discredited Ms. Plenty's testimony

concerning her desire to provide Ms. Charette with training, reasoning that "[h]ad [Ms. Plenty's] purpose been to simply give Charette a training exercise in the course of official business, she could have used an estate on which she was officially working." Thus, the administrative judge correctly concluded that, because Ms. Plenty knowingly went through improper channels by requesting these records from Ms. Charette, she committed improper conduct.

In addition, the administrative judge correctly sustained the charge of improper use of official time. The record reflects that Ms. Plenty caused Ms. Charette to improperly use official time in gathering those reports. Ms. Plenty presents no clear argument challenging the Board's decision sustaining Charge Two in her appeal before this court.

Finally, Ms. Plenty challenges her removal as the result of a failure to fully consider the Douglas factors. It is well established that the determination of the proper disciplinary action to be taken to promote the efficiency of the service is a matter within the discretion of the agency. Miguel v. Dep't of the Army, 727 F.2d 1081, 1083 (Fed. Cir. 1984). Accordingly, we give deference to the agency's judgment unless a penalty violates a statute or regulation or is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." Villela v. Dep't of the Air Force, 727 F.2d 1574, 1576 (Fed. Cir. 1984).

In the instant case, the Board did not abuse its discretion when it affirmed the reasonableness of the removal penalty. As the administrative judge explained, the deciding official in this case considered Ms. Plenty's nineteen years of service, but he determined that other relevant Douglas factors, including the nature and seriousness of

the offenses, her high level position, her prior disciplinary actions for misconducts, and the consistency of the penalty with those imposed on similarly situated employees, justified the removal. Accordingly, there was appropriate consideration of the relevant Douglas factors to establish that the penalty was reasonable. Thus, there was no abuse of discretion in determining that the Agency appropriately considered the relevant factors.

In sum, although the Agency did not prove that Ms. Plenty ever misused the reports Ms. Charette provided to her, substantial evidence supports that Ms. Plenty improperly requested and obtained those records and caused Ms. Charette to improperly use official time. The evidence clearly supports a conclusion that Ms. Plenty violated Agency policy and regulation. Accordingly, a remand is not necessary because the Board considered the relevant Douglas factors and the charges sustained were sufficiently serious to warrant removal. See Kumferman v. Dep't of the Navy, 785 F.2d 286, 292-93 (Fed. Cir. 1986) (holding it was unnecessary to remand the case to the Board to reevaluate the penalty since the record reflected "a reasoned concern for the factors appropriate to evaluating a penalty") (internal citations omitted).

For these reasons, we affirm the Board's decision.

COSTS

No costs.