NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CANDICE V. KNIGHT,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3002

---

Petition for review of the Merit Systems Protection Board in Case No. SF0752100263-I-1.

---

Decided: March 14, 2011

---

CANDICE V. KNIGHT, of Oakland, California, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER, *Chief Judge*, and PLAGER and LOURIE, *Circuit Judges*.

PER CURIAM.

Candice Knight petitions for review of the final decision of the Merit Systems Protection Board ("the Board") dismissing her appeal for lack of jurisdiction. *Knight v. Dept. of Homeland Sec.*, No. SF-0752-10-0263-I-1 (M.S.P.B. Mar. 4, 2010) ("*Initial Decision*"), (M.S.P.B. Aug. 4, 2010) ("*Final Order*"). We *affirm*.

BACKGROUND

On March 30, 2008, the Transportation Security Administration ("TSA" or "the Agency") appointed Knight to an excepted service Transportation Security Officer (Screener) position, subject to a two-year probationary period. During the probationary period, Knight sustained a work-related injury and filed a claim for workers' compensation. On November 20, 2009, the TSA decided to terminate Knight's employment with the Agency for allegedly violating TSA Management Directive No. 1100.73-5 after she repeatedly failed to follow the instructions of a superior. The termination became effective November 23, 2009.

Knight filed an appeal with the Board claiming that the Agency (1) improperly terminated her employment; and (2) failed to restore her to her position pursuant to 5 U.S.C. § 8151, which grants an injured federal employee certain employment retention rights. Knight also alleged that the Agency's action was motivated by discrimination. The Agency filed a motion to dismiss arguing that the Board lacked jurisdiction, which the Board granted.

In an initial decision, the administrative judge ("AJ") determined that the Board lacked jurisdiction over Knight's appeal based on § 111(d) of the Aviation and Transportation Security Act ("ATSA"), codified as 49 U.S.C. § 44935 note, which provides that "[n]otwithstanding any other provision of law, the [Agency] may employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment [of TSA screeners]." *Initial Decision*, at 3. Regarding Knight's claim for improper termination, the AJ explained that, although TSA employees are covered by the Federal Aviation Administration ("FAA") personnel management system, 49 U.S.C. § 40122, which permits adverse action appeals to the Board, § 111(d) of the ATSA authorizes the Agency to terminate TSA screeners without regard to any other provision of law. *Id.* Next, regarding Knight's 5 U.S.C. § 8151 claim, the AJ determined that 49 U.S.C. § 40122(g)(2)(F)'s allowance of such claims also did not apply to TSA screeners in light of § 111(d). *Id.* at 4. Finally, the AJ dismissed Knight's claim of discrimination, concluding that in the absence of an otherwise actionable appeal, such a claim does not provide an independent basis for jurisdiction. *Id.* at 5.

Knight filed a petition for review with the Board, which the Board denied on August 4, 2010. *Final Order*, at 1-2. The initial decision of the AJ accordingly became the decision of the Board. Knight then timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious,

an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998). The Board's dismissal of an appeal for lack of jurisdiction presents an issue of law that we review *de novo*. *Delalat v. Dep't of Air Force*, 557 F.3d 1342, 1343 (Fed. Cir. 2009). Knight, as appellant below, bears the burden of establishing jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2); *Delalat*, 557 F.3d at 1343.

The Board has jurisdiction over only those matters entrusted to it by statute or regulation. 5 U.S.C. § 7701(a); *Meeker v. Merit Sys. Prot. Bd.*, 319 F.3d 1368, 1374 (Fed. Cir. 2003). Knight appears to argue that the Board has jurisdiction over her appeal because she was not appealing her termination but rather the Agency's failure to follow 5 U.S.C. § 8151,[1] which applies to TSA employees under 49 U.S.C. § 40122(g)(2)(F). According to Knight, § 111(d) did not override 49 U.S.C. § 40122(g)(2)(F) because § 111(d) nowhere states that TSA screeners are to be excluded from returning to work after a work-related injury.

This court has held that § 111(d)'s "'[n]otwithstanding *any other provision of law*' language renders inapplicable general federal statutes that otherwise would apply" to TSA screeners, including section 7701(a) of Title 5, which states that "[a]n employee, or applicant for employment, may submit an appeal to the [Board] from any action

---

[1] 5 U.S.C. § 8151 does not provide a right to appeal. Rather, 5 C.F.R. § 353.304 provides the scope of the right to appeal an alleged denial of restoration.

which is appealable to the Board under any law, rule, or regulation." *Conyers v. Merit Sys. Prot. Bd.*, 388 F.3d 1380, 1382 (Fed. Cir. 2004); *see also id.* ("The language '[n]otwithstanding any other provision of law' signals that this screener-specific provision is to override more general conflicting statutory provisions to the extent that they would apply to screeners.").

In *Conyers*, the court held § 111(d) divested the Board of jurisdiction to hear an appeal of non-selection for a screener position with TSA under, *inter alia*, (1) 38 U.S.C. § 4324, the Uniformed Service Employment and Reemployment Act of 1994; (2) 5 U.S.C. § 2302(b), the Whistleblower Protection Act; and (3) *id.* § 3330a, the Veterans' Employment Opportunities Act of 1998. *Conyers*, 388 F.3d at 1381-82. The same reasoning applies to this case and to 49 U.S.C. § 40122(g)(2)(F). Section 111(d)'s broad language gives the Agency the right to "employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment [of TSA screeners]" without regard to "any other provision of law." Section 111(d) thus erects a jurisdictional bar not only to appeals of non-selection for a TSA screener position as in *Conyers*, but also to appeals by TSA screeners of any adverse employment action and failure to reinstate under 5 U.S.C. § 8151. Accordingly, we affirm the Board's dismissal of Knight's appeal for lack of jurisdiction.

**AFFIRMED**

Costs

No costs.