NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES M. JOHNSON,**
*Petitioner,*

v.

**DEPARTMENT OF THE TREASURY,**
*Respondent.*

---

2011-3058

---

Petition for review of the Merit Systems Protection Board in case no. CH0752090691-I-1.

---

Decided: June 22, 2011

---

JAMES M. JOHNSON, of Racine, Wisconsin, pro se.

ROBERT C. BIGLER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KENNETH M. DINTZER, Assistant Director.

---

Before PROST, MOORE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

James M. Johnson petitions for review of the final decision of the Merit Systems Protection Board ("Board") affirming his removal as a Revenue Agent at the Internal Revenue Service ("Agency"). Because the Board committed no legal error, we *affirm*.

## I. BACKGROUND

Mr. Johnson worked as a Revenue Agent at the Agency and performed audits as his principal duty. He had a history, however, of missing work without permission and not following the instructions of his superiors. In particular, Mr. Johnson incurred a five-day suspension in April 2008 for being Absent Without Leave ("AWOL"). Later that year he was suspended again, this time for twenty days, for failing to follow instructions and being AWOL. The issue on appeal arises from similar misconduct.

On February 13, 2009, Mr. Johnson's supervisor, Jean Klajbor, requested that Mr. Johnson schedule three case reviews by the first week of March if the cases were not closed by March 6, 2009. She also ordered that Mr. Johnson refer a fourth case for audit. Mr. Johnson did not rebut Ms. Klajbor's testimony that these four tasks would take less than five minutes to complete. Mr. Johnson, however, failed to complete any of the tasks in the time frame specified.

Further, Mr. Johnson was absent on March 5 and 6, 2009. Because he had taken sick leave the three previous days, Mr. Johnson was required to submit medical documentation in order to obtain sick leave on March 5 and 6.

Mr. Johnson knew of this medical documentation requirement but testified that he did not have a "regular" doctor and did not want to wait in an emergency room to get such documentation. He opted instead to email Ms. Klajbor requesting annual leave for March 5 and 6. Ms. Klajbor sent a return email to Mr. Johnson informing him that his leave request would only be granted if he provided medical documentation by March 6. Mr. Johnson, however, did not see this return email before he took leave on March 5 and 6 because the email was sent to his work account, which he did not access at home.

The Agency removed Mr. Johnson from his position on May 15, 2009 for (1) failing to follow directives and (2) being AWOL. After Mr. Johnson appealed to the Board and participated in a hearing, an administrative judge affirmed the Agency's decision on both grounds. *See Johnson v. Dep't of the Treasury*, No. CH0752090691-I-1 (M.S.P.B. Feb. 11, 2010). The Board denied Mr. Johnson's petition for review making the administrative judge's initial decision the final decision of the Board. Mr. Johnson timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

Our scope of review for a decision by the Board is limited. We may only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Conyers v. Merit Sys. Prot. Bd.*, 388 F.3d 1380, 1381 (Fed. Cir. 2004).

To take an adverse action against an employee, an agency must (1) "establish by preponderant evidence that the charged conduct occurred," (2) "show a nexus between that conduct and the efficiency of the service," and (3) "demonstrate that the penalty imposed was reasonable in light of the relevant factors set forth in *Douglas v. Veterans Admin.*, 5 MSPB 313, 5 M.S.P.R. 280, 307-08 (1981)." *Malloy v. U.S. Postal Serv.*, 578 F.3d 1351, 1356 (Fed. Cir. 2009). Here, the Board found that all three "adverse action" elements were met for both the AWOL charge and the failure to follow directives charge. For the reasons stated below, the Board did not abuse its discretion in reaching these conclusions.

Regarding the failure to follow directives charge, Mr. Johnson argues that the Agency failed to submit evidence to support this charge and that the Board misapplied the evidence before it. This argument must fail, however. Undisputed record evidence shows that Ms. Klajbor instructed Mr. Johnson to complete four tasks and that he did not complete any of them within the time frame specified.[1] Therefore, substantial evidence supports the findings that the charged conduct occurred and that, as a result, the first adverse action element is met. As for the second adverse action element, a failure to follow instructions affects an agency's ability to carry out its mission and is thus clearly connected to the efficiency of the service. *See Blevins v. Dep't of the Army*, 26 M.S.P.R. 101, 104 (1985), *aff'd*, 790 F.2d 95 (Fed. Cir. 1986). Each task

---

[1] Mr. Johnson also argues that his approved leave kept him from meeting the deadlines set by Ms. Klajbor. We reject this argument, however, because it was undisputed that the four tasks he was assigned would take less than five minutes to complete. The record indicates that Mr. Johnson had ample time when he was not on leave to complete his tasks before their due dates.

assigned by Ms. Klajbor to Mr. Johnson related directly to Mr. Johnson's employment with the Agency and was generated while he was working for the Agency. Thus, Mr. Johnson's refusal to follow instructions, by failing to complete these assigned tasks on time, impacted the Agency's ability to carry out its mission and operate efficiently. For these reasons, the Board did not abuse its discretion in concluding that the second adverse action element was met.

Regarding the AWOL charge, Mr. Johnson asserts that he provided evidence showing that this charge should not have issued. It is undisputed, however, that Mr. Johnson was absent from work on March 5 and 6, 2009 and that he was not granted leave for this period of time. It is also undisputed that to obtain sick leave for those two days, Mr. Johnson had to submit medical documentation, which he failed to do. Therefore, substantial evidence supports the conclusion that Mr. Johnson was absent from work without permission (i.e., AWOL) and that, as a result, the charged conduct occurred. *See Cooke v. U.S. Postal Serv.*, 67 M.S.P.R. 401, 404 (1995), *aff'd*, 73 F.3d 380 (Fed. Cir. 1995) ("To support a charge of AWOL, the agency must show both that the appellant was absent and that either the absence was not authorized or that a request for leave was properly denied."). Regarding the nexus element, "the nexus between the charged offense and the efficiency of the service is automatic when the charged offense is AWOL." *Bryant v. Nat'l Sci. Found.*, 105 F.3d 1414, 1417 (Fed. Cir. 1997). As such, the Board did not abuse its discretion in finding that the nexus element was automatically met for the AWOL charge.

Next, we address the reasonableness of the Agency's decision to remove Mr. Johnson from his position as a Revenue Agent (i.e., the third adverse action element).

The Board may only review a penalty imposed by an agency to determine if the agency considered the relevant *Douglas* factors and exercised managerial judgment "within tolerable limits of reasonableness." *Douglas*, 5 M.S.P.R. at 302; *see also Malloy*, 578 F.3d at 1356. Here, as the Board explained, the deciding official at the Agency considered the *Douglas* factors before removing Mr. Johnson from his position. The Board also agreed with the Agency's conclusion that Mr. Johnson's history of not following directives and being AWOL was part of a clear pattern showing that Mr. Johnson felt "no need to follow orders unless he agree[d] with them." Therefore, the Board affirmed the Agency's penalty. In conducting its analysis, the Board considered Mr. Johnson's argument that he did not receive Ms. Klajbor's denial of leave email until after he returned to work, an argument Mr. Johnson raises again on appeal. While declaring this fact a "mitigating factor," the Board ultimately concluded that it did not render the Agency's penalty unreasonable. We agree with the Board's reasoning and find that it did not abuse its discretion in affirming the reasonableness of the Agency's penalty.

Many of Mr. Johnson's arguments on appeal are addressed in our analysis above. Additionally, Mr. Johnson argues that the administrative judge "was heavily biased in favor of the agency." To succeed on this claim, Mr. Johnson must show that the administrative judge exhibited a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1363 (Fed. Cir. 2002). Mr. Johnson asserts that the administrative judge showed bias by going off the record several times during the hearing over objections and by not taking into consideration prohibited personnel practices that were allegedly violated. Such conduct does not rise to the level of showing a deep-seated

favoritism or antagonism. Instead, the administrative judge acted well within the bounds of his responsibilities. Therefore, we reject Mr. Johnson's claim of bias.

For these reasons, the decision of the Board is affirmed.

COSTS

Each party shall bear its own costs.

**AFFIRMED**