NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JUAN M. MORALES,**
*Petitioner,*

v.

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent.*

---

2012-3004

---

Appeal from the Merit Systems Protection Board's Decision, Docket No. DA-3330-11-0112-I-1.

---

Decided: April 9, 2012

---

JUAN M. MORALES, of Weston, Florida, pro se.

BARBARA E. THOMAS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, on behalf of respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and CLAUDIA BURKE, Assistant Director.

---

Before RADER, *Chief Judge*, PLAGER, and WALLACH, *Circuit Judges*.

PER CURIAM.

Juan M. Morales appeals the Merit Systems Protection Board's ("MSPB" or "Board") decision denying Mr. Morales's petition for review of an administrative judge's determination. The administrative judge denied Mr. Morales's request for corrective action after determining that the Department of Homeland Security's ("Agency") decision not to select him for certain vacant positions did not violate the Veterans Employment Opportunities Act of 1998 ("VEOA"). We *affirm*.

I.

Mr. Morales, a preference-eligible veteran, responded to two vacancy announcements the Agency issued on May 5, 2010 and May 24, 2010. The announcements invited applications for the position of Investigative Assistant, GS-5, -6, or -7, with the Agency's Immigration and Customs Enforcement component in Laredo, Texas and Miami, Florida. Specifically, there were three vacancies in Texas, Job Announcement No. DAL-INV-345506-DEU-MFJ ("Texas announcement"), and one vacancy in Florida, Job Announcement No. DAL-INV-349991-DEU-RDD ("Florida announcement").

Mr. Morales responded to both announcements for the position of Investigative Assistant, GS-7. To qualify for the position at the level of a GS-7, an applicant was required to "posses one (1) year of specialized experience . . . equivalent to at least the GS-6 grade level." The resume Mr. Morales submitted did not list any specific work experience.

On August 26, 2010, Mr. Morales was notified that he failed to "meet the minimum education and/or experience requirements" for the position listed in the Florida announcement. Because Mr. Morales was not rated a qualified applicant, he was not included on the Certificate of Eligibles for the GS-7 Investigative Assistant position associated with that announcement. The Agency ultimately elected not to fill the vacancy.

With respect to the Texas announcement, Mr. Morales was deemed qualified for the Investigative Assistant position, GS-7. Mr. Morales was assigned a numerical rating of 108, highest assigned to any applicant, including the 10 extra points for being a preference-eligible veteran. The 108 rating placed Mr. Morales at the top of the Certificate of Eligibles with the next two applicants, Michelle Ward and Shelly Madrid, having ratings of 105 and 100, respectively.

The Agency selected Ms. Ward and Ms. Madrid, who were also preference-eligible veterans, to fill two of the three vacancies listed in the Texas announcement. The Agency thereafter chose not to fill the third vacancy, and Mr. Morales was notified of his non-selection in a message dated October 25, 2010.

On October 27, 2010, Mr. Morales filed a timely complaint with the Department of Labor ("DOL") alleging that the Agency had passed him over in violation of veterans' preference rights. DOL determined that Mr. Morales's allegations lacked evidence, and Mr. Morales sought review of this decision by the Board. In an initial decision on February 24, 2011, the administrative judge denied Mr. Morales's request for corrective action.[1] After

---

[1] With regard to the administrative judge's initial decision, the Board noted with disapproval that the decision to cancel the hearing without issuing a close of

the Board denied Mr. Morales's petition for review, he appealed.[2]

## II.

We have jurisdiction to review the Board's final decisions under 28 U.S.C. § 1295(a)(9). Our scope of review for a Board decision, however, is limited. We may only set aside such a decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Conyers v. Merit Sys. Prot. Bd.*, 388 F.3d 1380, 1381 (Fed. Cir. 2004).

Under this standard, we will reverse the Board's decision if it is not supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Haebe v. Dep't of Justice*, 288 F.3d 1288, 1298 (Fed. Cir. 2002) (citations omitted). "The question before us is not how the court would rule upon a *de novo* ap-

---

record order is problematic because the administrative judge did not afford Mr. Morales an opportunity to submit additional documents or apprise Mr. Morales that, in order to be entitled to a hearing, he was required to demonstrate that there is a genuine issue of material fact. The Board consequently considered additional documents that Mr. Morales submitted and found that there is no genuine dispute of material facts in this appeal. Specifically, the Board found that no new evidence was submitted and that the administrative judge made no error in law or regulation that affects the outcome of the case. The Board's decision was reasonable. To the extent Mr. Morales disagrees, we affirm the Board's decision.

[2] In agreeing with the administrative judge's decision to deny corrective action, the Board adopted the reasons set forth in the initial decision.

praisal of the facts of the case, but whether the administrative determination is supported by substantial evidence in the record as a whole." *Id.* (citation omitted).

Absent special circumstances, an agency's failure to select an individual for a position is not reviewable. *See* 5 U.S.C. §§ 7512, 7513. The statute governing agency procedures for passing over a preference eligible applicant does not provide for Board review of that decision. *See* 5 U.S.C. § 3318; 5 C.F.R. § 332.406(g); *Lodge v. Dep't of the Treasury*, 109 M.S.P.R. 614, 618 n. 3 (2008). The Board, however, may consider claims arising from a non-selection when the VEOA provides an independent ground for the exercise of jurisdiction. 5 U.S.C. § 3330a(a)(1)(A). Particularly, VEOA provides redress for a preference-eligible veteran "who alleges[, as Mr. Morales does here,] that an agency has violated . . . [his or her] rights under any statute or regulation relating to veterans' preference . . . ." *Id.*

Here, the crux of Mr. Morales's contention is that his non-selection for the vacancies in Texas and Florida violated the requirement of selecting a candidate eligible for employment from "the highest three eligibles on the certificate who are available for appointment . . . ." 5 C.F.R. § 332.404.[3] As a result, Mr. Morales avers that the Board failed to take into account facts, applied the wrong law, and failed to consider important grounds for relief.

---

[3]    5 C.F.R. § 332.404, in its entirety, provides:
An appointing officer, with sole regard to merit and fitness, shall select an eligible for:
(a) The first vacancy from the highest three eligibles on the certificate who are available for appointment; and
(b) The second and each succeeding vacancy from the highest three eligibles on the certificate who are unselected and available for appointment.

The Board's decision, however, was reasonable and supported by substantial evidence.

The undisputed facts show that the Agency reasonably selected Ms. Ward and Ms. Madrid, who were preference-eligible veterans and two of the three highest eligibles on the Certificate, to fill two of the three vacancies listed in the Texas announcement. The Agency chose not to fill the third vacancy, and Mr. Morales was notified of his non-selection.

Contrary to Mr. Morales's contention that he should have been selected for a position based on his numerical rating, 5 C.F.R. § 332.404 only requires selection of eligibles from any of the highest three candidates listed on the Certificate of Eligibles. There is no restriction on the Agency's ability to choose one preference-eligible candidate over another, so long as the candidate selected is among "the highest three eligibles on the certificate." 5 C.F.R. § 332.404. Therefore, the Agency had the option to select Ms. Ward, Ms. Madrid, or Mr. Morales to fill its vacancies, and the Agency was entitled to select Ms. Madrid and Ms. Ward to fill two of the three vacancies. Hence, the Board did not err in finding that the Agency's selection process in this instance did not violate VEOA.

In addition, the Agency's decision to leave the third vacancy listed in the Texas announcement unfilled is not contrary to law or regulation. Indeed, the Agency was only required to afford Mr. Morales an opportunity to compete with other candidates on the Certificate of Eligibles. *See Abell v. Dep't of Navy*, 343 F.3d 1378, 1384 (Fed. Cir. 2003) ("The VEOA does not guarantee a preference eligible a position but only an opportunity to compete with the other candidates on the certificate of eligibles.")

(citation omitted).[4]  Accordingly, while Mr. Morales was the highest rated candidate on the Certificate of Eligibles for the Texas Announcement, his non-selection and the selection of Ms. Ward and Ms. Madrid did not violate any veterans' preference laws.  Rather, the record shows that the Board's decision finding no error in the non-selection of Mr. Morales was reasonable and supported by substantial evidence.[5]

## III.

For the reasons above, the Board's decision denying Mr. Morales's petition for review was reasonable and supported by substantial evidence.

**AFFIRMED.**

---

[4]  The Agency's decision to leave the positions listed in the Florida announcement vacant was also not contrary to law for the same reasons.

[5]  We further affirm the Board's decision that it lacked jurisdiction to entertain Mr. Morales's additional arguments brought on appeal.  Because Mr. Morales's additional arguments do not relate to rights under any veterans' preference rights, we affirm. *See* 5 U.S.C. §§ 7512, 7513.