**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 20**

Docket No. SF-0752-14-0314-I-1

**Nicole D. Wilson,**

**Appellant,**

**v.**

**Department of Homeland Security,**

**Agency.**

February 24, 2015

Nicole D. Wilson, North Las Vegas, Nevada, pro se.

Jaime L. Preciado, Esquire, San Francisco, California, for the agency.

M. Bradley Flynn, Esquire, Southfield, Michigan, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1    This appeal is before us on the administrative judge's September 2, 2014 order certifying for interlocutory review her ruling that the Board has jurisdiction over the appellant's demotion because she occupied a nonscreener position with the agency's Transportation Security Administration (TSA). We AFFIRM this ruling as MODIFIED, VACATE the order that stayed further processing of the appeal, and RETURN this case to the regional office for further adjudication consistent with this decision.

BACKGROUND

¶2    The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of proving by preponderant evidence that her appeal is within the Board's jurisdiction.[1] 5 C.F.R. § 1201.56(a)(2)(i).

¶3    Because the appellant works for the TSA, the Aviation and Transportation Security Act (ATSA) applies to this case. *See Lara v. Department of Homeland Security*, 97 M.S.P.R. 423, ¶ 9 (2004). Under the ATSA, TSA employees are covered by the personnel management system that is applicable to employees of the Federal Aviation Administration (FAA), except to the extent that the Administrator for TSA modifies that system.[2] Pub. L. No. 107-71, § 101(a), 115 Stat. 597, 601 (2001) (codified at 49 U.S.C. § 114(n)); *Connolly v. Department of Homeland Security*, 99 M.S.P.R. 422, ¶ 9 (2005). Pursuant to the FAA system, individuals who meet the definition of an "employee" under 5 U.S.C. § 7511(a)(1) generally are entitled to appeal adverse actions to the Board.[3] *Coleman v. Department of Homeland Security*, 101 M.S.P.R. 564, ¶ 4 (2006) (citing *Goldberg v. Department of Transportation*, 97 M.S.P.R. 441, ¶ 6 (2004) (holding that FAA employees may appeal involuntary reductions in pay

---

[1] Preponderant evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

[2] The ATSA grants this authority to the Under Secretary of Transportation for Security. *See* 49 U.S.C. § 114(n); *see also* 49 U.S.C. § 44935 (likewise referring to the Under Secretary when discussing TSA screener personnel). However, that position is now designated as the Administrator of TSA. *See Wilke v. Department of Homeland Security*, 104 M.S.P.R. 662, ¶ 5 n.3 (2007); *see also* 49 C.F.R. § 1500.3.

[3] In this matter, it is undisputed that the appellant meets the definition of "employee" set forth at 5 U.S.C. § 7511(a)(1)(B)(i). Initial Appeal File (IAF), Tab 40 at 4-5, Tab 42 at 4.

and grade to the Board)).  However, TSA screener personnel are exempted from this entitlement under another provision of the ATSA.[4]  49 U.S.C. § 44935 note; *Conyers v. Merit Systems Protection Board*, 388 F.3d 1380, 1382-83 (Fed. Cir. 2004); *Brooks v. Department of Homeland Security*, 95 M.S.P.R. 464, ¶ 13 (2004).

¶4        Effective February 9, 2014, the agency demoted the appellant from a position that is referred to in agency records both as a Supervisory Transportation Security Officer (TSO) (Coordination Center) and a Supervisory Coordination Center Officer (SCCO) to the position of Transportation Security Officer.  IAF, Tab 1 at 8, Tab 4 at 13, Tab 8 at 15, 37, Tab 40 at 4-5, Tab 45 at 6.  Both the appellant's prior and new positions are in the agency's 1802 occupational series. IAF, Tab 7 at 55 (reflecting that, under the agency's Office of Professional Responsibility (OPR) Appellate Board Handbook, TSA Management Directive (MD) 1100.77-1, § A(14) (Sept. 30, 2013), the 1802 occupational series includes Coordination Center officers, Supervisory TSOs, and TSOs, among others).  The appellant timely filed the instant appeal of her demotion.  IAF, Tab 1 at 2, 4-6, Tab 5 at 6.  The agency moved to dismiss the appeal for lack of jurisdiction, arguing that the appellant was a screener.  IAF, Tab 4.  After holding a jurisdictional hearing, the administrative judge denied the agency's motion and certified for interlocutory review her ruling that the appellant was not a screener.[5]

---

[4] The exemption to the Board's jurisdiction applies both to supervisory and nonsupervisory screeners.  *Spain v. Department of Homeland Security*, 99 M.S.P.R. 529, ¶ 9 (2005), *aff'd*, 177 F. App'x 88 (Fed. Cir. 2006).

[5] The agency moved for certification of the administrative judge's decision to hold a jurisdictional hearing, arguing that the appellant had failed to make a nonfrivolous allegation warranting such a hearing.  IAF, Tab 21 at 2, Tab 22 at 4-5, 9-10.  The administrative judge properly denied this motion based on her conclusion that the record on jurisdiction needed to be developed further.  IAF, Tab 24; *see* 5 C.F.R. § 1201.92(b) (in the absence of the threat of an undue harm to a party or the public, certification is only appropriate if an immediate ruling will materially advance the

IAF, Tab 42 at 14-15.  We find that this certification was proper in light of the lack of guidance on this issue.  5 C.F.R. §§ 1201.91-1201.92.

¶5      The administrative judge found the appellant did not screen passengers, baggage, or cargo.  IAF, Tab 42 at 7-13.  Although the agency argued that it had designated all employees in the 1802 classification series as screeners, and thus without Board appeal rights, the administrative judge concluded that the agency was without authority to deny these rights to nonscreeners.  IAF, Tab 42 at 13-14. The agency disagrees with the administrative judge's findings.[6]  Tab 45 at 4, 6-8, 10-11.  We AFFIRM the administrative judge's findings as MODIFIED to find that the agency did not designate SCCOs as screeners, still finding that the

---

completion of the proceeding).  After the hearing was held and she made her ruling on jurisdiction, the administrative judge certified her ruling.  IAF, Tab 42 at 14-15.

[6] The agency further argued that the TSA Administrator exercised his authority under 49 U.S.C. § 114(n) to modify the FAA personnel management system to preclude the Board's jurisdiction over adverse actions taken against SCCOs.  *Id.* (providing that the TSA Administrator "may make such modifications to the [FAA] personnel management system with respect to [TSA] employees as [he] considers appropriate"); IAF, Tab 7 at 7-8, 41-42 (citing the agency's MD 1100.75-3, Addressing Unacceptable Performance and Conduct, § J(2) (June 3, 2013) to argue that the TSA Administrator has made the claimed modification).  It is undisputed that individuals determined by the Administrator to be necessary to carry out the screening functions under section 44901 lack Board appeal rights.  *Conyers v. Merit Systems Protection Board*, 388 F.3d 1380, 1382-83 (Fed. Cir. 2004); *Brooks v. Department of Homeland Security*, 95 M.S.P.R. 464, ¶ 13 (2004).  The threshold issue in this case, however, is whether the Administrator has determined that the appellant's position is necessary to carry out screening functions.  Only if this question is answered in the affirmative is it necessary to consider the agency's position that the Board lacks the authority to review such a determination.  Here, however, there is no indication in the record that the Administrator determined that the appellant's position was necessary to carry out screening functions.  Thus, there is no indication that the Administrator deemed all of the positions within the 1802 occupational series, under which the appellant's position was classified, as necessary to performing screening functions.  Accordingly, because there is no indication that the Administrator determined the appellant's position or occupational series as necessary to carry out screening functions, section 44935 does not deprive the Board of jurisdiction to consider this appeal.

appellant was a nonscreener who could appeal her demotion to the Board. We return this appeal to the regional office for further adjudication.

## ANALYSIS

### The administrative judge properly determined that the appellant did not perform screening functions.

¶6		The administrative judge found that the appellant was not a screener excluded from Board appeal rights. IAF, Tab 42 at 14. The agency argues that the appellant was a screener because she performed functions connected to, and supporting, screening functions. IAF, Tab 45 at 6-8. We find that, because the appellant did not directly perform screening functions, she is entitled to appeal her demotion to the Board.

¶7		As discussed above, an individual who carries out screening functions under section 44901 of Title 49 may not appeal an adverse action to the Board.[7] 49 U.S.C. § 44935 note. Section 44901 requires the "screening of all passengers, and property, including United States mail, cargo, carry-on and checked baggage." 49 U.S.C. § 44901(a). The ATSA also lists a number of employment standards for screeners that anticipate that individuals in these positions will have direct contact with passengers and property. 49 U.S.C. § 44935(f). For example, the standards refer to screeners as working in "an active checkpoint environment," operating screening equipment, reading airline tickets, and "performing physical searches" of baggage and "pat-downs" of passengers. 49 U.S.C. § 44935(f)(1)(B), (C)(ii).

---

[7] The only definition of screening in chapter 449 of Title 49 is with reference to air cargo on passenger aircraft. *See* 49 U.S.C. § 44901(g)(5) (defining screening of air cargo on passenger aircraft as "a physical examination or non-intrusive methods of assessing whether cargo poses a threat to transportation security"). The TSA regulations do not define screening. However, its regulation on "[s]creening of individuals and property" provides that its scope includes "the inspection of individuals, accessible property, checked baggage, and cargo." 49 C.F.R. § 1546.207(a).

¶8        After conducting a thorough review of the record, including witness testimony, the administrative judge concluded that the appellant was not a screener.[8]  IAF, Tab 42 at 14.  She examined the appellant's duties, which she found did not include screening passengers, baggage, or cargo.  *Id.* at 10-12.  She also found that the appellant's position differed from that of a screener with regard to training and uniform requirements, and was subject to a different timekeeping system.[9]  *Id.* at 8, 12-13.

¶9        The administrative judge further found that, because the appellant was employed in the Coordination Center, she was not required to maintain certification as a screener.  *Id.* at 8.  The agency does not dispute this finding, but argues, in essence, that this distinction between Supervisory TSOs who work in a Coordination Center and those who do not is insignificant.  IAF, Tab 45 at 6.  The agency notes that prior experience as a screener is a prerequisite for those, like the appellant, working in a Coordination Center.  *Id.*  However, we find the distinction significant because an annual proficiency review is a statutory requirement for screeners.  49 U.S.C. § 44935(f)(5).  The fact that the appellant was not subject to such a requirement belies her status as a screener.  Therefore, we agree with the administrative judge that the fact that the appellant was not required to maintain her screening certification suggests that she was not working as a screener prior to her demotion.

---

[8] We decline to disturb the administrative judge's factual determinations because the order certifying this interlocutory appeal reflects that she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility.  *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

[9] Individuals who perform screening, and their supervisors, are to be in uniform.  49 U.S.C. §§ 44901(b), 44935(j).  The administrative judge found that, at the time of her demotion, the appellant was not subject to a uniform requirement, while those directly involved in screening were.  IAF, Tab 42 at 13.  The agency has not disputed this finding.  *See generally* IAF, Tab 45.

¶10      The agency argues that the administrative judge erred in determining that, to be a screener, an employee must be physically involved in screening passengers, baggage, or cargo.[10]  IAF, Tab 45 at 8.  Based on the statutory language above, we agree with the administrative judge that Congress intended screening to involve, at a minimum, direct contact with passengers, mail, cargo, or carry-on or checked baggage.  Therefore, we find that the duties that the appellant performed that were related to screening did not exempt her from the right to appeal her demotion to the Board.

¶11      We also do not agree with the agency that the administrative judge improperly discredited an agency witness who testified that Coordination Center officers were necessary to the agency's screening function.  *Id.* at 8-9.  The administrative judge credited the witness's testimony regarding the duties performed by these officers, but disagreed with her characterization of these functions as screening duties.  IAF, Tab 42 at 9, 13.  This characterization was not a factual assertion, but rather a legal conclusion by the witness, which the administrative judge was free to disregard.  *See Black's Law Dictionary* 329 (9th ed. 2009) (defining a factual conclusion as one "drawn from observed or proven facts," and a legal conclusion as "[a]n inference on a question of law,

---

[10] According to the agency, the appellant was a screener within the meaning of the ATSA because some of her duties were connected to, and supported, screening functions at the airport, as part of a "multilayered screening approach."  IAF, Tab 45 at 6-8.  The agency provides examples of these duties, such as reporting metrics relating to screening to headquarters; monitoring closed-circuit televisions within the airport, including screening areas; notifying and recalling screening personnel in the event of an emergency; dispatching screening personnel to checkpoints; and implementing a program to ensure the continuation of essential security functions in the event of an unexpected disruption in operations.  *Id.* at 6-7.  Further, the agency argues that the appellant was "essential staff," required to report to duty even in a government shutdown.  *Id.* at 7.  While we are sympathetic to the agency's need to employ individuals other than screeners to ensure airport security, we agree with the administrative judge that such a broad definition of screening threatens to include virtually all TSA employees within its ambit, effectively eviscerating the Board appeal rights guaranteed to nonscreeners by 49 U.S.C. § 40122(g).  IAF, Tab 42 at 13.

made as a result of a factual showing, no further evidence being required"); *cf. King v. Department of Veterans Affairs*, 105 M.S.P.R. 21, ¶ 16 n.2 (2007) (holding that parties may not stipulate to legal conclusions).

¶12    Further, we agree with administrative judge that the documentary evidence suggests that the agency itself considers SCCOs to be nonscreeners. IAF, Tab 42 at 4-6. According to the agency, it has designated all positions in the 1802 occupational series, including SCCOs, as necessary to the screening function under a job analysis tool (JAT) and the agency's MD 1100.77-1, § A(14). IAF, Tab 7 at 8-10, Tab 45 at 8-9, 11. The JAT reflects that Supervisory TSOs perform and supervise screening functions. IAF, Tab 7 at 65-66. However, as the agency acknowledges, the JAT further provides that, when assigned to a Coordination Center, a Supervisory TSO like the appellant "does not perform or supervise screening functions."[11] IAF, Tab 7 at 66, Tab 45 at 5. Based on this distinction in the JAT, we are not persuaded that it supports the agency's claims that the TSA Administrator has designated SCCOs as necessary for screening.

¶13    The MD 1100.77-1 also does not designate SCCOs as screeners. It provides that "as used in this policy," the title TSO includes Coordination Center officers. IAF, Tab 7 at 55. The MD 1100.77-1 concerns the procedures for the OPR Board, an internal agency body that reviews and decides adverse action

---

[11] The agency argues that the series 1802 designation is a "classification" over which the Board lacks jurisdiction. IAF, Tab 45 at 5, 9. The agency is correct that the Board generally lacks jurisdiction over the proper classification of a position. *Saunders v. Merit Systems Protection Board*, 757 F.2d 1288, 1290 (Fed. Cir. 1985). However, we do not determine in this appeal whether the classification of the appellant's position was correct. Rather, we are concerned only with her demotion. *Cf. Russell v. Department of the Navy*, 6 M.S.P.R. 698, 711 (1981) (finding that, under certain circumstances, a change in job classification can result in a reduction in grade appealable to the Board). The administrative judge properly looked at the JAT, among other factors, to determine whether the appellant was a screener. *See* IAF, Tab 42 at 4 (noting the appellant's classification series within the discussion of whether she performed screening duties).

appeals by TSOs, including Supervisory TSOs. *Id.* at 54-55. The agency has pointed to no provision of the MD 1100.77-1 suggesting that the directive describes or designates TSOs or SCCOs as performing screening functions. *See id.* at 8 (containing the agency's argument). Likewise, we have been unable to locate such a designation. *Id.* at 52-59. Therefore, we do not find the MD 1100.77-1 supports the conclusion that SCCOs are screeners.[12]

## ORDER

Accordingly, we AFFIRM AS MODIFIED the administrative judge's ruling that the appellant was entitled to appeal her demotion from her nonscreener position,

---

[12] The administrative judge also found, without reaching a conclusion as to whether such a designation had been made, that the TSA is without authority to deny the Board appeal rights of SCCOs by designating them as nonscreener personnel. IAF, Tab 42 at 6-7, 13-14. The agency argues that this finding was legal error. IAF, Tab 45 at 10-11. We find it unnecessary to reach the issue of the scope of the Administrator's authority because we are not persuaded that the Administrator has designated SCCOs as necessary to carry out screening functions. Therefore, we MODIFY the administrative judge's finding in this regard, still holding that the appellant, as an SCCO, may appeal to the Board.

VACATE the stay order, and RETURN this matter to the Western Regional Office for further adjudication consistent with this interlocutory decision.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.