**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 28**

Docket No. CH-1221-14-0827-W-1

**Mr. Chih-Wei (Scott) Lu,**

**Appellant,**

**v.**

**Department of Homeland Security,**

**Agency.**

April 1, 2015

Eydie R. Glassman, Esquire, Park Ridge, Illinois, for the appellant.

M. Bradley Flynn, Esquire, Southfield, Michigan, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1     This appeal is before us on the administrative judge's March 3, 2015 order certifying for interlocutory review his order regarding the appropriate scope of review of a prior disciplinary action in the context of the appellant's individual right of action (IRA) appeal. We AFFIRM the administrative judge's ruling AS MODIFIED by this Opinion and Order, VACATE the portion of the order that stayed further processing of the appeal, and RETURN this case to the regional office for further adjudication consistent with this decision.

BACKGROUND

¶2        The appellant was employed by the agency as a Supervisory Transportation Security Officer.  Initial Appeal File (IAF), Tab 8, Subtab 4G.  On January 24, 2014, the agency proposed the appellant's removal for failure to follow standard operating procedures and failure to follow directions.  *Id.*, Subtab 4M.  In proposing the appellant's removal, the agency noted that the appellant had received a 14-day suspension in March 2012, for, among other things, failure to follow directions.  *Id.* at 4.  On March 21, 2014, the agency issued a decision removing the appellant.  IAF, Tab 8, Subtab 4H.  In its decision, the agency again noted the appellant's 2012 suspension.[1]  *Id.* at 10.

¶3        On April 14, 2014, the appellant filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC) regarding his removal.  IAF, Tab 4, Subtab I.  On July 11, 2014, OSC informed the appellant that it was closing its investigation into his complaint and that he might have the right to seek corrective action from the Board.  *Id.*, Subtab J.

¶4        The appellant filed the instant IRA appeal on September 11, 2014.  IAF, Tab 1.  In his initial appeal, the appellant alleged that the deciding official had retaliated and discriminated against him.  *Id.*  He also alleged that his 2012 suspension was racially motivated.  *Id.*  In his prehearing submissions, the

---

[1] The agency's removal decision included notice of the appellant's right to file an internal agency appeal challenging the decision, IAF, Tab 8, Subtab 4H at 11, but it did not include any notice of Board appeal rights.  Although employees of the Transportation Security Administration (TSA) who meet the definition of an "employee" under 5 U.S.C. § 7511(a)(1) generally are entitled to appeal adverse actions to the Board, TSA screener personnel are exempted from this entitlement under a provision of the Aviation and Transportation Security Act.  *Wilson v. Department of Homeland Security*, 2015 MSPB 20, ¶ 3.  We recently held in *Wilson* that another TSA employee with a job title similar to that of the appellant did have Board adverse action appeal rights, despite the agency's attempt to classify her as a screener.  *Id.*, ¶¶ 6-13.  The appellant has not argued that he had the right to file an adverse action appeal challenging his removal, rather than an IRA appeal.  In any event, whether the appellant in this case has adverse action appeal rights is not before us on interlocutory review.

appellant proposed several witnesses who would testify, at least in part, regarding the merits of his March 2012 suspension.  IAF, Tab 17.  In his summary of the prehearing conference, the administrative judge indicated that the Board's review of the appellant's March 2012 suspension essentially was limited to whether it was clearly erroneous.  IAF, Tab 20 at 4 (citing *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981)).  The administrative judge therefore ruled that no new evidence or argument would be allowed regarding the 2012 suspension, other than the appellant's reasons for the challenge.  IAF, Tab 20 at 4 (citing *Guzman-Muelling v. Social Security Administration*, 91 M.S.P.R. 601, ¶ 15 (2002)).  The administrative judge indicated in his summary that the appellant had withdrawn all of the requested witnesses related to the 2012 suspension.  IAF, Tab 20 at 5.

¶5      The administrative judge subsequently issued an order in which he found, upon further review, that the *Bolling* standard regarding prior discipline was "not entirely applicable" in an IRA appeal.  IAF, Tab 34 at 3.  He noted the Board's statement in *Cosgrove v. Department of the Navy*, 59 M.S.P.R. 618, 624-25 (1993), that, in determining whether an agency has met its burden in an IRA appeal of establishing by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected disclosure, an administrative judge may closely scrutinize the appellant's past disciplinary record for evidence of possible retaliatory animus by the agency.  IAF, Tab 34 at 3 (citing *Cosgrove*, 59 M.S.P.R. at 625).  The administrative judge therefore allowed the parties to call additional witnesses and submit evidence addressing the merits of the 2012 suspension.  IAF, Tab 34 at 4.

¶6      The agency moved for reconsideration of the administrative judge's order. IAF, Tab 35.  The agency argued that, unlike *Cosgrove*, the prior discipline at issue in the instant appeal preceded the appellant's alleged whistleblowing disclosures by 2 years and therefore could not have been part of a retaliatory scheme.  *Id.* at 6-8.  In response to the agency's motion, the appellant argued that

evidence regarding the 2012 suspension was relevant because it would establish the deciding official's animosity toward the appellant. IAF, Tab 37 at 2. The administrative judge then issued an order certifying for interlocutory review his ruling that the Board's review of the appellant's 2012 suspension was not subject to the *Bolling* standard. IAF, Tab 39. He stayed further proceedings before him pending resolution of the interlocutory appeal. *Id.* at 5.

## ANALYSIS

¶7          In an IRA appeal, the Board lacks the authority to adjudicate the merits of the underlying personnel action; rather, our jurisdiction is limited to adjudicating the whistleblower allegations. *See Marren v. Department of Justice*, 51 M.S.P.R. 632, 639 (1991), *aff'd*, 980 F.2d 745 (Fed. Cir. 1992) (Table), *and modified on other grounds by Robinson v. U.S. Postal Service*, 63 M.S.P.R. 307, 323 n.13 (1994). After establishing the Board's jurisdiction in an IRA appeal, the appellant must then establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that he made a protected disclosure that was a contributing factor in a personnel action taken against him. 5 U.S.C. § 1221(e)(1); *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 11 (2012). If the appellant makes out a prima facie case, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(1)-(2); *Chambers v. Department of the Interior*, 116 M.S.P.R. 17, ¶ 12 (2011). In determining whether an agency has met this burden, the Board will consider the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Board does not view

these factors as discrete elements, each of which the agency must prove by clear and convincing evidence. Rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *See, e.g.*, *Yunus v. Department of Veterans Affairs*, 84 M.S.P.R. 78, ¶ 27 (1999), *aff'd*, 242 F.3d 1367 (Fed. Cir. 2001).

¶8        The *Bolling* standard for reviewing prior discipline upon which an agency has relied in taking an appealable adverse action does not apply in the context of a reprisal claim. *Rhee v. Department of the Treasury*, 117 M.S.P.R. 640, ¶ 25 (2012).[2]  Thus, the administrative judge is correct that the *Bolling* standard should not be applied to this IRA appeal. However, that does not mean that the Board must conduct a full review of the merits of the 2012 suspension in order to adjudicate this appeal. As in any appeal, the administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10), to exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious. Thus, the administrative judge must determine whether, and to what extent, evidence regarding the 2012 suspension is relevant to the issues in this appeal.

¶9        The personnel action at issue in this IRA appeal is the appellant's 2014 removal. Therefore, the Board does not need to determine whether the 2012 suspension was proper in order to adjudicate this appeal. Additionally, it does not appear that evidence regarding the 2012 suspension is relevant to the appellant's prima facie case of whistleblower reprisal. Accordingly, such evidence would only be relevant, if at all, to whether the agency has proven by

---

[2] *Rhee* involved a claim of reprisal for prior equal employment opportunity activity, rather than reprisal for whistleblowing. *See Rhee*, 117 M.S.P.R. 640, ¶ 25. Nevertheless, we find that the Board's rationale in *Rhee* regarding the applicability of the *Bolling* standard applies with equal force to the whistleblower reprisal claim in this IRA appeal.

clear and convincing evidence that it would have removed the appellant in the absence of his protected disclosure.

¶10    In assessing whether to allow evidence regarding the 2012 suspension, the administrative judge should be mindful of the decision of the U.S. Court of Appeals for the Federal Circuit in *Whitmore v. Department of Labor*, 680 F.3d 1353 (Fed. Cir. 2012). The Federal Circuit in *Whitmore* held that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion." *Id.* at 1368. The court further determined that "[i]t is error for the [Board] to not evaluate all the pertinent evidence in determining whether an element of a claim or defense has been proven adequately." *Id.* Upon its review in *Whitmore*, the court found that the administrative judge had taken an unduly dismissive and restrictive view on the issue of the existence and strength of any motive to retaliate by the agency, *id.* at 1370-72, and that remand for further fact finding was necessary, *id.* at 1372, 1377. The court also criticized the administrative judge's failure to consider "the facts and circumstances surrounding how Whitmore's whistleblowing . . . marked the beginning of his increasingly strained relationship with [agency] officials, and how his disclosures paralleled his increasingly poor performance reviews and adverse personnel actions after decades of exceptional service." *Id.* at 1376.

¶11    *Whitmore*, however, does not require a full examination of the appellant's entire employment history. Because the issue in an IRA appeal is whether the challenged personnel action was taken in reprisal for the appellant's protected disclosures, events that preceded the appellant's disclosures will often have little or no relevance. *Cf. Kukoyi v. Department of Veterans Affairs*, 111 M.S.P.R. 404, ¶ 11 (2009) (disclosures made after the personnel actions at issue cannot have been contributing factors in those personnel actions), *overruled on other grounds by Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 26 n.7 (2011).

¶12　　　Upon return of this case, the administrative judge should give the parties an opportunity to address whether, and to what extent, evidence regarding the 2012 suspension relates to the Board's analysis of the appellant's claim of whistleblower reprisal.  The administrative then should exercise his discretion to determine whether the evidence in question is relevant, material, and nonrepetitious.

ORDER

¶13　　　Accordingly, we AFFIRM AS MODIFIED the administrative judge's ruling that the Board's review of the appellant's 2012 suspension is not subject to the *Bolling* standard, VACATE the stay order, and RETURN this matter to the Central Regional Office for further adjudication consistent with this interlocutory decision.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.