# United States Court of Appeals for the Federal Circuit

---

**DENNIS M. O'BRIEN,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1072

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-2651, Judge Coral Wong Pietsch, Judge William S. Greenberg, Judge Amanda L. Meredith.

---

Decided: January 31, 2020

---

CHRIS ATTIG, Attig Steel, PLLC, Little Rock, AR, argued for claimant-appellant.

REBECCA SARAH KRUSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.; CHRISTOPHER O. ADELOYE, BRIAN D. GRIFFIN, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

————————————

Before WALLACH, CLEVENGER, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

This is a veterans' benefits case. Mr. Dennis O'Brien appeals a decision of the U.S. Court of Appeals for Veterans Claims finding him ineligible to receive additional disability compensation as the legal guardian of his grandson, D.B. Because D.B. does not qualify as Mr. O'Brien's dependent under the benefits-granting statute, we affirm.

I

Mr. O'Brien is a Vietnam War veteran whose service-connected disabilities make him eligible to receive compensation both for himself and for certain "dependents." *See* 38 U.S.C. § 1115 (2012) (providing "additional compensation for dependents"). Section 1115 does not define the term "dependents," but it lists specific monthly allotments for veterans with (A) "a spouse but no child," (B) "a spouse and one or more children," (C) "no spouse but one or more children," and (D) "a parent dependent upon such veteran for support." *Id.* § 1115(1)(A)–(D). The definitions section of the Veterans' Benefits code (title 38) also does not include a definition of "dependents," but it does define the term "child." *See* 38 U.S.C. § 101(4)(A). For purposes of title 38 (with some exceptions not relevant here), a "child" is an unmarried person who meets certain age restrictions "and who is a legitimate child, a legally adopted child, a stepchild who is a member of a veteran's household or was a member at the time of the veteran's death, or an illegitimate child [in certain circumstances]." *Id.*

In 2012, Mr. O'Brien took legal guardianship of D.B., his stepdaughter's minor son. Mr. O'Brien then requested

dependency compensation for D.B., explaining that he and his late wife were D.B.'s caretakers since D.B.'s mother was in a nursing home and his father was absent. The Department of Veterans Affairs (VA) denied compensation for D.B. because he was Mr. O'Brien's unadopted grandchild and it "only recognizes biological children, stepchildren or adopted children"; the VA advised Mr. O'Brien that he could reopen his claim with proof of D.B.'s adoption. J.A. 178.

The Board of Veterans' Appeals found no entitlement to compensation for D.B. for the same reason. A divided three-judge panel of the U.S. Court of Appeals for Veterans Claims (Veterans Court) affirmed. Noting that the case involved a matter of first impression, the Veterans Court determined that, despite not expressly defining the term "dependents," Congress still unambiguously limited that term to "spouses, children, and dependent parents" by specifying the amount payable for each in § 1115. *O'Brien v. Wilkie*, 30 Vet. App. 21, 26–27 (2018). The court therefore rejected Mr. O'Brien's argument to apply the ordinary dictionary meaning of the term. As it was undisputed that D.B. did not meet the statutory definition of "child" under § 101(4)(A), the court found that Mr. O'Brien was not entitled to compensation for D.B.[1]

II

"We have exclusive jurisdiction to 'review and decide any challenge to the validity of any statute or regulation or any interpretation thereof' by the Veterans Court 'and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision.' " *Sucic v. Wilkie*, 921 F.3d 1095, 1098 (Fed. Cir. 2019) (quoting

---

[1] Having found the language of § 1115 unambiguous, the Veterans Court declined to address Mr. O'Brien's constitutional avoidance arguments.

38 U.S.C. § 7292(c)).  We review the Veterans Court's statutory interpretation de novo.  *Id.*

Mr. O'Brien argues that the Veterans Court erred by interpreting § 1115 to limit dependency compensation to spouses, children, and dependent parents.  He urges us to interpret the term "dependents" to include "any dependents in a veteran's family for whom he bears the costs of dependency."[2]  Appellant's Br. 33; Reply Br. 17.

---

[2]     Mr. O'Brien also argues that the Veterans Court's interpretation of § 1115—effectively requiring him to adopt D.B. in order to receive additional benefits—violates his Fifth Amendment right to equal protection, by infringing his fundamental right of family association, without a compelling governmental interest.  However, Mr. O'Brien forfeited this argument by failing to assert a constitutional challenge before the Veterans Court.  *See Singleton v. Shinseki*, 659 F.3d 1332, 1334 n.2 (Fed. Cir. 2011) (acknowledging "precedent for this court declining to hear arguments, even constitutional arguments, not raised to previous tribunals").  While he argued the doctrine of constitutional avoidance, he did not argue that the VA Secretary's denial of compensation, or the statute itself, violated equal protection principles.  *See, e.g.*, *O'Brien*, 30 Vet. App. at 29 (noting that Mr. O'Brien "does not . . . ask the court to find either or both Section 101(4)(A) and Section 1115 unconstitutional," but rather "asks the court to apply the doctrine of constitutional avoidance").

In any event, we find Mr. O'Brien's argument without legal merit.  Congress may, as it did here, make "rational" "factual assumptions" to create a "relevant test of probable dependency" for the administration of a benefits program, even if "such rules inevitably produce seemingly arbitrary consequences in some individual cases."  *Califano v. Jobst*, 434 U.S. 47, 53–54 (1977).

We agree with the Veterans Court that the plain language of § 1115 does not permit such an expansive definition. Subsections (A) through (D) specify the amount of compensation for particular categories of a veteran's dependents: spouses (with or without children), children, and dependent parents. *See* 38 U.S.C. § 1115(1). Although Mr. O'Brien argues that these categories of dependents are not exclusive, he does not answer the logical next question of what amount should be awarded to a veteran with another, unlisted, type of dependent.

In its current structure, § 1115 only permits dependency compensation for spouses, children, and dependent parents of eligible veterans. D.B. does not fit within any of these limited classes of dependents. Clearly, he is not Mr. O'Brien's spouse or parent; nor is he Mr. O'Brien's child, as defined by § 101(4)(A), because he is not Mr. O'Brien's biological child, step-child, or legally adopted child. Therefore, the Veterans Court correctly interpreted § 1115 as not providing Mr. O'Brien dependency compensation for D.B.

We regret that the Veterans' Benefits code currently precludes support for the families of veterans like Mr. O'Brien who do not fit within its constrained familial configurations. However, it is for Congress—not this court—to remedy such policy concerns.

## III

We have considered Mr. O'Brien's remaining arguments and find them unpersuasive. The judgment of the Veterans Court is affirmed.

## **AFFIRMED**

No costs.