# United States Court of Appeals for the Federal Circuit

---

**JOHN F. CAMERON,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1839

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-2121, Judge Michael P. Allen, Judge William S. Greenberg, Judge Joseph L. Toth.

---

Decided: June 9, 2021

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

AMANDA TANTUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by CLAUDIA BURKE, JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR.; CHRISTOPHER O. ADELOYE, CHRISTA A. SHRIBER, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, *Chief Judge\**, TARANTO and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

John Cameron appeals the decision of the Veterans Court denying his attorney's fees for certain services performed prior to a final decision by the Board of Veterans' Appeals. Because we agree with the Veterans Court that the 2006 amendment to 38 U.S.C. § 5904, in effect at the time he petitioned for the fees, plainly limited payment of such fees to cases in which a Notice of Disagreement was filed on or after June 20, 2007, we affirm.

I

The basic facts of this appeal are not disputed. As relevant here, Mr. Cameron sought attorney's fees from the Department of Veterans Affairs for services performed on behalf of a U.S. Army veteran, Charles Bolden, prior to a final Board decision on the claims. With respect to the claim at issue, Mr. Cameron had filed an NOD on behalf of Mr. Bolden in August 2005. The VA denied Mr. Cameron attorney's fees under 38 C.F.R. § 14.636(c), which permits an attorney to charge fees for services provided prior to a final Board decision only where an NOD was filed on or after June 20, 2007. Mr. Cameron appealed to the Board and then to the Veterans Court, which held that 38 C.F.R. § 14.636(c) was consistent with its authorizing statute, 38 U.S.C. § 5904. Mr. Cameron timely appealed to this court.

Before the law was amended, attorneys representing veterans in veterans' benefits cases before the VA were prohibited from charging fees for services provided prior to a final Board decision. 38 U.S.C. § 5904(c)(1) (1998). On December 22, 2006, Congress enacted the Veterans Benefits,

---

\*    Chief Judge Kimberly A. Moore assumed the position of Chief Judge on May 22, 2021.

Health Care, and Information Technology Act of 2006 (Act), Pub. L. No. 109-461, 120 Stat. 3403, which, as relevant here, amended the law to allow attorneys to charge fees for services rendered prior to a final Board decision, but after an NOD was filed. The Act provided, in relevant part:

> (h) EFFECTIVE DATE.—The amendments made by subsections (c)(1) and (d) shall take effect on the date that is 180 days after the date of the enactment of this Act and shall apply with respect to services of agents and attorneys that are provided *with respect to cases in which notices of disagreement are filed on or after that date.*

120 Stat. at 3408, sec. 101(h) (2006) (emphasis added). It is undisputed that the effective date referred to in the Act—the 180th day after enactment—is June 20, 2007. The Act was codified at 38 U.S.C. § 5904:

> [I]n connection with a proceeding before [VA] with respect to benefits under laws administered by the Secretary, a fee may not be charged, allowed, or paid for services of agents and attorneys with respect to services provided before the date on which a notice of disagreement is filed with respect to the case.

38 U.S.C. § 5904(c)(1) (2006). The effective date provision of the Act was included as a statutory note to § 5904, which reads in relevant part:

> The amendments made by subsections (c)(1) and (d) [amending this section] shall take effect on the date that is 180 days after the date of the enactment of this Act [Dec. 22, 2006] and shall apply with respect to services of agents and attorneys that are provided with respect to cases in which notices of disagreement are filed on or after that date.

*Id.* § 5904(c)(1) note (2006) (alterations in original). In 2008, the VA promulgated a regulation applying that amendment, 38 C.F.R. § 14.636(c)(3), which provides that:

> In cases in which a Notice of Disagreement was filed on or before June 19, 2007, agents and attorneys may charge fees only for services provided after both of the following conditions have been met:
>
> (i) A final decision was promulgated by the Board with respect to the issue, or issues, involved in the appeal; and
>
> (ii) The agent or attorney was retained not later than 1 year following the date that the decision by the Board was promulgated. . . .

## II

We have limited jurisdiction to review decisions by the Veterans Court. This court may review a Veterans Court decision "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). Unless presented with a constitutional challenge, we lack jurisdiction to review any "challenge to a factual determination" or any "challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

In reviewing a Veterans Court decision, this court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions," and set aside any interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that we find to be: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." *Id.* § 7292(d)(1). "We review

the Veterans Court's statutory interpretation de novo." *O'Brien v. Wilkie*, 948 F.3d 1339, 1341 (Fed. Cir. 2020).

Mr. Cameron argues on appeal that the Veterans Court erred in interpreting 38 U.S.C. § 5904 to limit attorney's fees for services before a final Board decision to cases in which an NOD was filed on or after the effective date of the Act, June 20, 2007. Appellant's Br. 18. Specifically, Mr. Cameron asserts that the "Effective Date" section of the Act has no substantive effect on 38 U.S.C. § 5904(c)(1) because it "does not appear in the text of the statute itself" and is "essentially ministerial language." *Id.*[1] But it is well-established that the placement of a provision in the United States Code as a note is not dispositive. "Though the appearance of a provision in the current edition of the United States Code is 'prima facie' evidence that the provision has the force of law, . . . it is the Statutes at Large that provides the 'legal evidence of laws' . . . ." *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 448 (1993) (citing 1 U.S.C. §§ 112, 204(a)). This court addressed a similar issue in *Conyers v. MSPB*, 388 F.3d 1380 (Fed. Cir. 2004). There, this court rejected the appellant's emphasis on the placement of the relevant language as a note—rather than in the text of the statutory section—stating "the fact that this provision was codified as a statutory note is of no moment." *Id.* at 1382 n.2 (citing 1 U.S.C. § 112). Indeed, even if a provision is omitted entirely from the Code,

---

[1]    Mr. Cameron also characterized his argument as limited to the "on or after" portion of the effective date provision, which he asserts "is extraneous to the substantive operation" of 38 U.S.C. § 5904(c)(1) as amended. Appellant's Reply Br. 7. We find this alternative characterization linguistically untenable. Moreover, this is a distinction without a difference, as it is the effect of the "on or after" the effective date language that is at the heart of this appeal.

it "remains on the books if the Statutes at Large so dictates." *U.S. Nat'l Bank of Or.*, 508 U.S. at 448.

Here, the effective date provision of the Act appears in the Statutes at Large. 120 Stat. at 3408, sec. 101(h) (2006). Mr. Cameron's reliance on the plain meaning of the Act as it appears in the Code, and not the Statutes at Large, is accordingly misplaced. The text of the relevant portion of the Act as it appears in the Statutes at Large plainly limits attorney's fees for services provided prior to a final Board decision to cases in which an NOD was filed on or after June 20, 2007. *See id.* The VA regulation at issue here, 38 C.F.R. § 14.636(c)(2), is wholly consonant with that express statutory language.[2]

Mr. Cameron also relies on the purpose of the Act to support his atextual reading of the law. Mr. Cameron argues that because the Act expanded the availability of attorney's fees, it is contrary to the intent of Congress to interpret a portion of the Act to limit that expansion to certain cases. Appellant's Br. 22–23. Mr. Cameron urges: "[W]hat conceivable purpose would this additional requirement have served in the context of a liberalizing change in law intended to benefit veterans and their families?" Appellant's Reply Br. 10. But it is axiomatic that "no legislation pursues its purposes at all costs. Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice—and it frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law."

---

[2]    Because we conclude that the text of the effective date provision of the Act has a plain meaning, we need not reach the issue of whether the VA's interpretation of that provision is owed deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 842–43 (1984).

*Rodriguez v. United States*, 480 U.S. 522, 525–26 (1987) (emphasis original).

Here, Congress considered eliminating all fee restrictions under § 5904(c)(1) by repealing subsection (c)(1) entirely. S. 2694, 109th Cong. § 101(c) (2006). Instead, Congress made a legislative choice between the competing purposes of liberalizing the availability of attorney's fees and avoiding disruption to the veterans' benefits system, and "adopted a delayed and staggered effective date . . . [to] allow a deliberate and gradual implementation of these policies in order to minimize any disruption to the VA system." S. Rep. No. 109-297, at 19 (2006). In promulgating 38 C.F.R. § 14.636(c)(2) and accordingly denying Mr. Cameron attorney's fees in this case, the VA has done no more than give effect to that legislative choice.

Finally, Mr. Cameron argues that the Veterans Court's interpretation of 38 U.S.C. § 5904(c)(1) creates an irreconcilable conflict with § 5904(d). Appellant's Br. 9–14. We reject Mr. Cameron's argument. The Veterans Court's interpretation of § 5904(c) does not conflict with § 5904(d) because, contrary to Mr. Cameron's assertions, § 5904(d) does not create an effective date inconsistent with the effective date provision of the Act. Section 5904(d) does not allow payment of attorney's fees earned under a contingency agreement and paid out of past-due benefits until a favorable result has been reached for the veteran. That limitation in no way conflicts with the effective date of § 5904(c)(1), which defines the services for which a veteran's attorney can charge fees.

## III

We have considered Mr. Cameron's remaining arguments and find them unpersuasive. Because we agree with the Veterans Court that 38 U.S.C. § 5904 does not permit Mr. Cameron to recover attorney's fees when he filed an

NOD on his client's behalf in 2005, and that 38 C.F.R. § 14.636(c)(2) is consistent with that statute, we affirm.

**AFFIRMED**