NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**JAMES M. HOOKS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1301

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-731, Judge William S. Greenberg.

---

Decided:  July 12, 2024

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant. Also represented by KENT A. EILER.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; AMANDA BLACKMON,

BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before CHEN, STOLL, and CUNNINGHAM, *Circuit Judges.*

CHEN, *Circuit Judge.*

James M. Hooks appeals the decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the decision of the Board of Veterans' Appeals (Board) finding no clear and unmistakable error in a 2002 administrative decision by the Department of Veterans Affairs (VA). *Hooks v. McDonough*, No. 21-0731, 2022 WL 4285679 (Vet. App. Sept. 16, 2022). The VA found that Mr. Hooks's discharge under other than honorable conditions was "considered to have been issued under dishonorable conditions" due to Mr. Hooks's "willful and persistent misconduct." *See* 38 C.F.R. § 3.12(d), (d)(4) (2002). Mr. Hooks makes the following arguments to this court: (1) section 3.12(d)(4) has no statutory predicate; (2) the plain meaning of "willful and persistent conduct" is ambiguous; and (3) the Veterans Court erred by relying upon a misinterpretation of the term "persistent," as used in section 3.12(d)(4) as codified at the time of the VA's decision. Because Mr. Hooks did not present these arguments to either the Board or the Veterans Court, Mr. Hooks may not do so here. *See Gurley v. McDonough*, 23 F.4th 1353, 1357 (Fed. Cir. 2022) (arguments not raised to the Veterans Court are forfeited).

Accordingly, we *affirm* the decision of the Veterans Court.

**AFFIRMED**

COSTS

No costs.