NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES B. MESSER,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1543

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-3353, Chief Judge Margaret C. Bartley.

---

Decided: February 10, 2025

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

MARTIN F. HOCKEY, JR., Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, GALINA I. FOMENKOVA, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; BRIAN D. GRIFFIN,

ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before LOURIE, MAYER, and PROST, *Circuit Judges.*

LOURIE, *Circuit Judge.*

James B. Messer appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming the decision of the Board of Veterans' Appeals ("the Board") declining to reopen Messer's previously denied claim for service connection for sleep apnea. *Messer v. McDonough*, No. 21-3353, 2022 WL 3909086 (Vet. App. Aug. 31, 2022) ("*Decision*").[1]  Because the only argument Messer raises on appeal was not timely presented to the Veterans Court, the argument was forfeited. We therefore *affirm*.

On appeal, Messer argues that the Board erred by requiring him to submit new and relevant evidence in connection with a supplemental claim for service connection where the Board had already favorably determined that he had submitted such evidence in connection with an earlier supplemental claim. *See* Messer Br. 9–11, 17–19. Specifically, he asserts that the Board (and Veterans Court) misinterpreted 38 U.S.C. § 5104C, "as requiring a claimant to present new and relevant evidence with respect to a supplemental claim filed under [that] statute." Messer Br. 17–18.   As we understand his argument, once the

---

[1]   Following the Veterans Court's August 31 single-judge decision, Messer timely moved for reconsideration or, in the alternative, a panel decision.   A panel convened and denied Messer's motion for reconsideration but granted his motion for a panel decision.  The panel ordered that the single-judge decision "remain[ed] the decision of the Court."  J.A. 2–3.

Board has favorably determined that new and relevant evidence has been submitted, any subsequent supplemental claim, regardless whether new and relevant evidence has been submitted with *that* claim, "'relates back to' the initial claim that has been continuously pursued." *Id.* at 18; Messer Reply Br. 1 ("With this appeal, Mr. Messer asks this Court to find that the plain meaning of 38 U.S.C. § 5104C . . . requires that a claimant need only produce new and relevant evidence with his supplemental claim *once* to obtain readjudication[.]" (emphasis added)).

Messer's statutory argument was available at the time he appealed to the Veterans Court. But that is not the argument he made. Instead, he argued that the Board erred by, among other things, not considering whether there were any duty-to-assist errors present in earlier decisions of the Department of Veterans Affairs. *Decision*, at *2. He also argued that the Board failed to assist in the development of a reasonably raised claim for secondary service connection for sleep apnea, and that the Board provided inadequate reasons why the evidence submitted between the notices of denial of his first and second supplemental claims was not new and relevant. *Id.* at *3. Even construing those arguments liberally, none comes close to resembling the statutory argument he raises to this court. We decline to consider Messer's argument in the first instance. *See Gurley v. McDonough*, 23 F.4th 1353, 1357 (Fed. Cir. 2022) (arguments not raised in the Veterans Court are forfeited).

Accordingly, we *affirm* the decision of the Veterans Court.

## AFFIRMED

### Costs

The parties shall bear their own costs.