NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**MICHAEL R. REGIS,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2023-2061

_____

Appeal from the United States Court of Appeals for
Veterans Claims in No. 22-691, Judge Grant Jaquith.

_____

Decided:  May 19, 2025

_____

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka,
KS, argued for claimant-appellant.  Also represented by
KENNETH M. CARPENTER.

MATTHEW JUDE CARHART, Commercial Litigation
Branch, Civil Division, United States Department of Jus-
tice, Washington, DC, argued for respondent-appellee.
Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE
HOSFORD, PATRICIA M. MCCARTHY; JULIE HONAN, Y. KEN
LEE, Office of General Counsel, United States Department
of Veterans Affairs, Washington, DC.

---

Before TARANTO and STOLL, *Circuit Judges*, and SCARSI, *District Judge*.[1]

TARANTO, *Circuit Judge*.

In 2008, Michael R. Regis, a veteran of the U.S. Air Force, filed a claim with the U.S. Department of Veterans Affairs (VA), under 38 U.S.C. § 1110, seeking benefits for disability resulting from an assertedly service-connected condition in both knees. In January 2009, the relevant regional office of VA found that a right-knee condition was service-connected and assigned a 10% disability rating based on limited flexion (*i.e.*, knee bending). Mr. Regis challenged that disability rating and underwent additional medical exams. In September 2021, as relevant here, the regional office found that limited extension (*i.e.*, knee straightening) in the right knee was service-connected, but it assigned a 0% rating for that condition.

In January 2022, the Board of Veterans' Appeals, presented with Mr. Regis's challenge to his initial right-knee-condition rating, denied him a higher rating than the 10% he had been given, finding in particular that he was not entitled to a compensable rating for limitation of extension. J.A. 30–41 (Board opinion). In April 2023, the U.S. Court of Appeals for Veterans Claims (Veterans Court) affirmed the Board's denial. *Regis v. McDonough*, No. 22-0691, 2023 WL 3152277, at \*1 (Vet. App. Apr. 28, 2023) (*2023 Decision*). On Mr. Regis's appeal to us, we conclude that he did not properly present and preserve in the Veterans Court the argument he makes here, so we affirm the Veterans Court's decision.

---

[1]     Honorable Mark C. Scarsi, District Judge, United States District Court for the Central District of California, sitting by designation.

I

Mr. Regis served on active duty in the U.S. Air Force from February 1983 to February 2003.  J.A. 15.  In June 2008, he filed a claim seeking disability benefits for certain conditions, including for a bilateral knee condition.  *See* J.A. 15; *2023 Decision*, at \*1.  The relevant VA regional office, in January 2009, issued its decision, finding service connection for a right-knee disability and assigning a 10% rating under Diagnostic Code (DC) 5260 for limited leg flexion (*i.e.*, bending).[2]    J.A. 15, 17, 20; *see* 38 C.F.R. § 4.71a, DC 5260; *2023 Decision*, at \*1.

In July 2009, Mr. Regis disputed the rating assigned to his right knee.  *See 2023 Decision*, at \*1.  In December 2013, VA denied him an increased rating and Mr. Regis appealed to the Board.  *Id.*  Over the next eight years, Mr. Regis underwent multiple VA examinations, which produced diagnoses of arthritis in his right knee and findings of limited flexion and of limited extension (*i.e.*, straightening).  *Id.* at \*1–3; J.A. 22 (December 2016 examination); J.A. 42–51 (November 2020 examination); J.A. 25 (September 2021 addendum to July 2021 examination); *see* J.A. 35–37 (describing December 2016, February 2018, November 2020, and July 2021 examinations).  During the same period, VA continued to adjudicate Mr. Regis's right-knee claim, and, in September 2021, the relevant VA regional office found that the limitation of extension of his right knee was connected to his military service, but it assigned a disability rating of 0%, finding that his symptoms did not justify "a higher evaluation of 10 percent."  J.A. 28–

---

[2]    38 C.F.R. § 4.71a provides VA the schedule of ratings for service-connected disabilities for the musculoskeletal system and contains each diagnostic code (DC) relevant to this appeal.  We rely on the 2022 version used by the Veterans Court.  *See, e.g.*, *2023 Decision*, at \*4 (citing 38 C.F.R. § 4.71a, DC 5261 (2022)).

29 (citing, *e.g.*, 38 C.F.R. § 4.71a, DCs 5010, 5260, 5261); *2023 Decision*, at *2–3.

On January 11, 2022, the Board issued the decision on appeal in this case, denying entitlement to a "rating in excess of 10 percent for a right knee disorder" because "the criteria have not been met for an initial increased rating for the right knee pursuant to DCs 5260/5261 (for limitation of motion)." J.A. 31, 38 (citing 38 C.F.R. § 4.71a, DCs 5260, 5261). The evidence, the Board found, supported a rating of 10% for limited flexion and a rating of 0% for limited extension. *See* J.A. 34, 38. The Board also "considered whether separate ratings could be assigned for [Mr. Regis]'s right knee disability under any other applicable diagnostic codes," but concluded he could not be assigned a separate rating under those codes. J.A. 39.

Mr. Regis timely appealed to the Veterans Court. J.A. 11. He argued that he was entitled to a higher rating for his right-knee limitation of flexion and a higher rating (more than 0%) for his limitation of extension. *See*, *e.g.*, J.A. 80–81; *2023 Decision*, at *3. On April 28, 2022, the Veterans Court affirmed the Board in relevant part, stating that Mr. Regis had "failed to show any error in the Board's decision to not grant an increased rating based on the veteran's limited extension in his right knee." *2023 Decision*, at *1, *4.[3] The Veterans Court entered final judgment on May 22, 2023, and Mr. Regis timely appealed.

## II

Our authority to review decisions by the Veterans Court is "limited by statute." *Perciavalle v. McDonough*, 101 F.4th 829, 835 (Fed. Cir. 2024); *see generally* 38 U.S.C.

---

[3] The Veterans Court remanded, for further consideration, the issue of the effective date of a separate disability rating—"for right knee anterior instability." *2023 Decision*, at *1, *4.

§ 7292. We have jurisdiction where we are presented with an argument that the Veterans Court's decision "may have rested on an incorrect rule of law." *Martin v. McDonald*, 761 F.3d 1366, 1369 (Fed. Cir. 2014) (citing *Colantonio v. Shinseki*, 606 F.3d 1378 (Fed. Cir. 2010)); *see Acree v. O'Rourke*, 891 F.3d 1009, 1015 (Fed. Cir. 2018) (same). "The Veterans Court must have made a determination on the legal issue presented to us by the appellant, either making a 'decision' on a 'rule of law' or 'rel[ying] on' a challenged statute or regulation or its interpretation." *Smith v. Collins*, 130 F.4th 1337, 1343 (Fed. Cir. 2025) (quoting 38 U.S.C. § 7292(a)). The Veterans Court's determination "might be express or, instead, might be implicit in the sense that the Veterans Court's result might be altered by adopting the legal position pressed by appellant to this court." *Id.* at 1343 (citations omitted). Where, as here, no constitutional question is presented, we lack authority to review the Veterans Court's factual determinations or applications of law to the facts of a particular case. *See Perciavalle*, 101 F.4th at 835; 38 U.S.C. § 7292(d)(2).

In his opening brief in this court, Mr. Regis argues that the Veterans Court legally erred in affirming the Board's decision not to grant a compensable rating for limitation of extension in the right knee. *See, e.g.*, Opening Br. at 2–3, 6. Mr. Regis makes a legal argument about the meaning of DC 5003 (degenerative arthritis), which directs VA to rate "[d]egenerative arthritis . . . on the basis of limitation of motion under the appropriate diagnostic codes," including DCs 5260 and 5261. 38 C.F.R. § 4.71a, DC 5003. Mr. Regis asserts that DC 5003 requires a 10% rating for limited extension of the knee that would not be compensable under DC 5261 (limitation of extension), even where the veteran already received a 10% rating for limited flexion of the same knee under DC 5260 (limitation of flexion).

Opening Br. at 6–23; *see* 38 C.F.R. § 4.71a, DC 5003.[4]  Correct application of § 4.71a, Mr. Regis argues, would have required the Veterans Court to "recognize[] and appl[y] DC 5003 as the correct rating criteria" in light of VA's requirements to exercise care in identifying and selecting the applicable disability code for each condition and to grant separate ratings to separate disabilities that arise from a single disease entity (*e.g.*, arthritis).  Opening Br. at 10–11 (citing 38 C.F.R. §§ 4.27, 4.25(b)).

We have jurisdiction to consider Mr. Regis's contention even though the Veterans Court did not expressly address the meaning of DC 5003 in the respect now raised by Mr. Regis.  *See Smith*, 130 F.4th at 1343.  Because the interpretation of DC 5003 urged by Mr. Regis is a contention about the interpretation of a regulation and might, if correct, alter the result reached by the Veterans Court, it is within our jurisdiction under 38 U.S.C. § 7292(a).  *Id.*  The government itself does not challenge our jurisdiction.

The government argues, instead, that we should not address the contention because Mr. Regis did not properly present this contention to the Veterans Court.  Response Br. at 8, 13–15; Oral Arg. at 12:56–13:08, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-2061_0507202 5.mp3.  We agree.  As with appeals from other tribunals' decisions, a failure to present an argument to the Veterans Court is a non-jurisdictional defect in the appeal to this court that can justify affirming the Veterans Court's

---

[4]    Mr. Regis relies on the second sentence of DC 5003 for this argument, which reads: "When however, the limitation of motion of the specific joint or joints involved is noncompensable under the appropriate diagnostic codes, a rating of 10 pct is for application for each such major joint or group of minor joints affected by limitation of motion, to be combined, not added under diagnostic code 5003."  38 C.F.R. § 4.71a, DC 5003.

decision. *See Smith*, 130 F.4th at 1344 n.2 (citing cases); *see also Scarborough v. Principi*, 541 U.S. 401, 411–14 (2004); *M.R. Pittman Group, LLC v. United States*, 68 F.4th 1275, 1280–81 (Fed. Cir. 2023). At least in cases (like this case) where the veteran had counsel, we follow a strong, though non-jurisdictional, rule that arguments not presented to the Veterans Court are forfeited. *See Smith*, 130 F.4th at 1344 n.2 (citing cases); *Gurley v. McDonough*, 23 F.4th 1353, 1357 (Fed. Cir. 2022) (citation omitted). We affirm based on forfeiture here.

Mr. Regis's DC 5003 argument that he presents to us does not appear in his brief to the Veterans Court, J.A. 65–111, and the Veterans Court's opinion does not address that argument, *2023 Decision*, at *3–5. Mr. Regis did not list DC 5003 as a legal authority in his brief to the Veterans Court. J.A. 73–74. His brief cites DC 5003 only in two footnotes discussing a portion of the VA General Counsel's precedential opinion 23-97 in which the General Counsel is not making the point Mr. Regis argues to us, but a different point—namely, that a claimant with a disability rating under DC 5257 for instability of the knee is entitled to a separate rating under DC 5003 for the different disability of arthritis if the claimant has "limitation of motion under DC 5260 or DC 5261 . . . [that] at least meet[s] the criteria for a zero-percent rating." J.A. 83 n.5 (citing Memorandum from Acting General Counsel to Acting Chairman, Board of Veterans' Appeals, VAOPGCPREC 9-98 (Aug. 14, 1998) at 1–3, https://www.va.gov/ogc/docs/1998/prc09-98.pdf, J.A. 55–60 (citing Memorandum from General Counsel to Acting Chairman, Board of Veterans' Appeals, VAOPGCPREC 23-97 (July 1, 1997), at 2, https://www.va.gov/ogc/docs/1997/Prc23-97.pdf, J.A. 52–54)); J.A. 93 n.22 (same). Those footnotes were offered as support for Mr. Regis's arguments to the Veterans Court that (i) the Board should not "conflate[] DC[ ]5260 and DC 5261" because limitation of flexion and limitation of extension, like instability and limitation of motion, are separate disabilities and (ii) the

Board deprived Mr. Regis of due process by narrowing the range of motion analysis in the disability benefits question-naire used by examining physicians.  J.A. 81–83, 83 n.5, 93–95, 93 n.22.  Mr. Regis's mention of DC 5003 in those footnotes was not to support the argument, made to this court, that Mr. Regis is entitled to a 10% rating for exten-sion under DC 5003 if he has a 0% rating under DC 5260 and a compensable rating under DC 5261.  There is no good reason to overlook the forfeiture here, particularly given that Mr. Regis may make his DC 5003 argument in a new claim.  Oral Arg. at 16:28–16:42.

## III

For the foregoing reasons, we affirm the Veterans Court's decision.

The parties shall bear their own costs.

**AFFIRMED**