# United States Court of Appeals for the Federal Circuit

---

**TERRANCE G. MACKEY,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1854

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-5693, Chief Judge Michael P. Allen, Judge Coral Wong Pietsch, Judge Margaret C. Bartley.

---

Decided: March 30, 2026

---

ADAM STEINMETZ, Desmarais LLP, Washington, DC, argued for claimant-appellant. Also represented by THOMAS DERBISH, JUSTIN P.D. WILCOX.

BORISLAV KUSHNIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE; JONATHAN KRISCH, DEREK SCADDEN, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before PROST, HUGHES, and STARK, *Circuit Judges.*

PROST, *Circuit Judge.*

Terrance G. Mackey appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court") denying him entitlement to special monthly compensation ("SMC") under 38 U.S.C. § 1114(s). For the reasons below, we affirm.

BACKGROUND

Mr. Mackey served in the U.S. Air Force from 1986 to 1990. In 2009, he filed an application for a total disability rating based on individual unemployability ("TDIU"). The Department of Veterans Affairs Regional Office ("RO") granted his claim for a TDIU rating. The RO's rating decision explained that his service-connected disabilities, including sixty percent for bowel incontinence, forty percent for intervertebral disc syndrome, and forty percent for bladder incontinence for a combined rating of ninety percent, had "affect[ed] physical employment," and the associated pain had "affect[ed] sedentary and physical employment." J.A. 1980. It also noted his other service-connected disabilities, including ten percent for hypertension, ten percent for left lower extremity radiculopathy, ten percent for right lower extremity radiculopathy, and ten percent for degenerative arthritis of the cervical spine. J.A. 1992–93.

In addition to ordinary disability benefits, some severely disabled veterans are entitled to SMC, which is only available to veterans with "a service-connected disability rated as total." 38 U.S.C. § 1114(s). In February 2018, Mr. Mackey filed a claim for SMC under § 1114(s) based on his TDIU rating, J.A. 1429–32, which the RO denied,

J.A. 1240–41. He again filed a claim for SMC in September 2018, J.A. 1204–07, which the RO again denied, J.A. 1108–09. Mr. Mackey appealed that RO decision to the Board of Veterans' Appeals ("Board"). The Board determined that Mr. Mackey was not entitled to SMC because he "did not have one service-connected disability that was rated totally disabling, nor was his TDIU rating based on one disability" as required by § 1114(s). J.A. 18.

The Veterans Court affirmed the Board's decision. *Mackey v. McDonough*, No. 22-5693, 2023 WL 8284016 (Vet. App. Nov. 30, 2023). It rejected Mr. Mackey's argument that, for the purposes of § 1114(s), he "could combine [his various disabilities] to constitute a service-connected disability rated as total." *Id.* at *2; *see also id.* at *3–5. The single-judge decision was ultimately adopted by the Veterans Court. J.A. 3.

Mr. Mackey timely appealed. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

In appeals from decisions of the Veterans Court, we generally "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). This court does, however, have jurisdiction to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." *Id.* § 7292(d)(1). "We review the Veterans Court's statutory interpretation de novo." *O'Brien v. Wilkie*, 948 F.3d 1339, 1341 (Fed. Cir. 2020).

This case turns on the interpretation of 38 U.S.C. § 1114(s), and in particular, the phrase "a service-connected disability rated as total." Mr. Mackey argues that we should interpret § 1114(s) "to encompass *all* TDIU ratings, regardless [of] whether based on one underlying

disability or multiple underlying disabilities." Reply Br. 20 (emphasis in original). We disagree.[1]

We start and end our analysis with the statutory text. The provision at the heart of this dispute states in relevant part:

> If the veteran has *a service-connected disability rated as total*, and (1) has additional service-connected disability or disabilities independently ratable at 60 percent or more, or, (2) by reason of such veteran's service-connected disability or disabilities, is permanently housebound, then the monthly compensation shall be $2,993.

38 U.S.C. § 1114(s) (emphasis added). Concerning the operative phrase "a service-connected disability rated as total," the use of the article "a" and the singular "disability" suggest that Congress intended to reference one disability rather than several. Moreover, within subsection (s), the statute distinguishes between the singular "disability" and the plural "disabilities." *See Bittner v. United States*, 598 U.S. 85, 94 (2023) ("When Congress includes particular language in one section of a statute but omits it from a neighbor, we normally understand that difference in language to convey a difference in meaning (*expressio unius est exclusio alterius*)." (italics in original)). Taken together, the plain language of § 1114(s) establishes that Congress did not intend for multiple disabilities with ratings combining to a disability rated as total to qualify as "a service-connected disability rated as total." Nor did Congress

---

[1]    In *Guerra v. Shinseki*, 642 F.3d 1046 (Fed. Cir. 2011), we declined to decide "whether and in what circumstances the benefits of [§] 1114(s) are available to a veteran with a TDIU rating." *Id.* at 1048 n.1. We must now decide that issue.

intend § 1114(s) to mean that multiple disabilities justifying a TDIU rating can combine to form "a service-connected disability rated as total." Rather, only a *single* service-connected disability rated as total can meet the "a service-connected disability rated as total" requirement under § 1114(s).

Thus, under our interpretation of § 1114(s), the Veterans Court properly denied Mr. Mackey's SMC claim. His TDIU rating was predicated on multiple disabilities, none of which was or could have alone constituted a disability rated as total. And he has not provided us with any sound reasons to disturb the Veterans Court's decision.

In the alternative, Mr. Mackey argues that even if we deem § 1114(s) limited to TDIU ratings that are based on a single service-connected disability rated as total, we should "nevertheless reverse because Mr. Mackey's TDIU is based on underlying orthopedic disabilities that are classified as 'one disability' under" 38 C.F.R. § 4.16(a). Appellant's Br. 30. We disagree.

There are two paths to TDIU under § 4.16—subsections (a) and (b). To receive a TDIU rating under § 4.16(a), a veteran must have either one disability rated at sixty percent or more, or multiple disabilities with a combined rating of seventy percent or more with at least one of those disabilities rated at forty percent or more. Section 4.16(a) states in relevant part:

> *For the above purpose* of one 60 percent disability, or one 40 percent disability in combination, the following will be considered as *one disability*: (1) Disabilities of one or both upper extremities, or of one or both lower extremities, including the bilateral factor, if applicable, (2) disabilities resulting from common etiology or a single accident, (3) disabilities affecting a single body system, e.g. orthopedic, digestive, respiratory, cardiovascular-renal, neuropsychiatric, (4) multiple injuries incurred in action,

or (5) multiple disabilities incurred as a prisoner of
war.

38 C.F.R. § 4.16(a) (emphasis added). By explicitly speci-
fying that "one disability" is to be used "[f]or the above pur-
pose," § 4.16(a) limits the applicability of the phrase "one
disability" to determining whether a veteran's TDIU re-
quest is eligible under § 4.16(a); that is, § 4.16(a)'s "one dis-
ability" clause is used only to show entitlement to TDIU
benefits. Thus, even if multiple service-connected disabili-
ties are considered "one disability" under § 4.16(a), that
fact alone does not demonstrate "a service-connected disa-
bility rated as total" for the purposes of § 1114(s).

## Conclusion

We have considered Mr. Mackey's remaining argu-
ments and find them unpersuasive. For the foregoing rea-
sons, we affirm.

## AFFIRMED